# Atlantic Refining Co. *v.* Pennsylvania Railroad Co., Appellant.

*Carriers—Common carriers—Bills of lading—Delivery of goods —Loading on shipper's siding—Intention of parties—Doubt—Control of cars—Main track and train movement—Switching operation —Destruction of goods on shipper's siding—Negligence of shipper —Burden of proof.*

1. Where a bill of lading provides that goods when received from the shipper's siding "shall be at owner's risk until the cars are attached" to trains, and it appears that goods were loaded in a car on the shipper's siding, and this car was moved with others on the same day by the railroad company's engine to a second switch within the plant of the shipper, and on that evening the goods were destroyed by fire, the question of the carrier's liability for the loss will depend ordinarily, in the absence of proof of general understanding on the subject, on whether it was the intention of the parties that the goods should be at the shipper's risk until the actual beginning of the train movement.

2. If there is a doubt as to such intention, it will be resolved in favor of the shipper, and the carrier will be held responsible if the jury finds it had actually assumed dominion and control of the cars.

3. In such case it is reversible error for the court to charge that "the uncontradicted evidence in the case is that the car destroyed by fire had been attached to an engine coupled with cars drawn from the yard of plaintiff." To so state was practically to remove from the consideration of the jury the vital question as to whether dominion of the car had been assumed by the railroad company.

4. Where a bill of lading relieves the carrier from liability where the loss occurs by reason of "the act or fault of the shipper," the burden of proving the negligence of the shipper is upon the carrier.

Argued March 22, 1921. Appeal, No. 284, Jan. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1919, No. 2999, on verdict for plaintiff, in case of Atlantic Refining Co. v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for loss of goods. Before SHOEMAKER, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $2,142.09. Defendant appealed.

*Error assigned,* among others, was (9) instruction quoted in the opinion of the Supreme Court, quoting record.

*Sharswood Brinton,* with him *Charles Myers,* for appellant.—Defendant was not liable: U. S. v. R. R., 237 U. S. 402, 410; Louisville & Jeffersonville Bridge Co. v. U. S., 249 U. S. 534; Whalley v. Ry., 248 Pa. 298; P. R. R. v. Pub. Serv. Com., 74 Pa. Superior Ct. 131; Brotherhood, etc., v. Pub. Ser. Com., 73 Pa. Superior Ct. 523.

The car was burned through the act or default of the plaintiff.

*Yale L. Schekter,* with him *Brown & Williams,* for appellee:—The provision of the bill of lading exempting the carrier from liability until the car was attached to

a train, is not applicable to this case: Atwood v. Transportation Co., 9 Watts 87.

The fire was not the act or default of the shipper: Barsky v. Lutz, 74 Pa. Superior Ct. 449; Canole v. Allen, 222 Pa. 156; Albert v. P. R. T. Co., 252 Pa. 527.

OPINION BY MR. JUSTICE SADLER, May 2, 1921:

Upon a switch in its own yard, which was connected with the tracks of defendant some distance away, plaintiff loaded a car with barrels of oil. It received a bill of lading for the shipment from a duly authorized railroad agent. Later, on the same day, this car, with others, was moved by defendant's engine to a second switch within the plant of the refining company. Whether, in so doing, it was carried out onto the tracks of the railroad, and then pushed back to the point where it was subsequently destroyed, does not clearly appear. The same evening a fire caused the loss of the shipment, and this action was brought to recover its value.

Liability is denied because of the provision in the bill of lading that goods "when received from or delivered on private or other sidings, wharves or landings, shall be at owner's risk until the cars are attached to and after they are detached from trains"; and it is insisted this condition had not arisen at the time of the loss. Such a stipulation is not objectionable, and is to be enforced in proper cases (Standard C. T. Co. v. P. R. R. Co., 88 N. J. L. 257; Bianchi & Sons v. Montpelier & W. R. R. Co., 92 Vt. 319; Bers v. Erie R. R. Co., 225 N. Y. 543); but its application is not without difficulty. The issuance of the bill of lading for immediate shipment constituted a delivery (Clarke v. Needles, 25 Pa. 338), though the car was on the side track of the plaintiff: Kansas City M. & O. Ry. Co. v. Cox, 32 L. R. A. (N. S.) 313, and note, p. 318. This was not sufficient, however, to make it part of the "train," so as to impose liability, in view of the contract of the parties; and the meaning to be given this term must therefore be determined. In construing the

agreement, words and phrases which are susceptible of different meanings will be viewed in the light most favorable to the shipper, for "a contract relied on as limiting the carrier's common law liability must be unequivocal and unambiguous, leaving nothing to implication or inference, and not open to any reasonable doubt as to the intention of the parties": 10 C. J. 181; Atwood v. Reliance Transportation Co., 9 Watts 87.

"A train has been described as a continuous or connected line of cars or carriages on a railroad; that which is drawn along": 38 Cyc. 935. Many like definitions are to be found in the reported cases, but these authorities furnish little assistance here, dealing as they do with the meaning of the term as used in various statutes regulating the duties of carriers in the operation of their roads: Detroit City R. R. Co. v. Mills, 85 Mich. 634, 647; State v. Missouri Pac. R. R. Co., 219 Mo. 156, 166; Larson v. Illinois Central R. R. Co., 91 Iowa 81; Dacey v. Old Colony R. R. Co., 153 Mass. 112; Clary v. R. R. Co., 141 Wis. 411; Caron v. R. R. Co., 164 Mass. 523; Shea v. R. R. Co., 173 Mass. 177. Under the Federal Safety Appliance Acts, a switching operation has been held to constitute a train movement (United States v. Brooklyn Eastern District Terminal, 249 U. S. 296; Louisville & Jeffersonville Bridge Co. v. United States, 249 U. S. 534; United States v. Erie R. R. Co., 237 U. S. 402); but no case has been called to our attention in which the meaning of the word has been discussed, under circumstances such as those found in the case at bar.

The defendant insists the contract is to be interpreted as requiring the cars to be attached to an engine for the purpose of beginning a through trip, and taking possession for classification is not sufficient, under its terms, to raise liability for loss. The record discloses no proofs which would indicate the general understanding of the word used, and it is at least uncertain if the intention was to hold goods delivered at the owner's risk until the actual beginning of a main track movement. The doubt

should be resolved in favor of the shipper, and the carrier be held responsible if it had actually assumed dominion and control of the cars. This was for the jury to pass upon (cf. Lynch v. Great Northern Ry. Co., 112 Minn. 382), and the question was submitted to it; but, in so doing, error was committed in the statement made in answer to the sixth point presented by the defendant, referred to in the ninth assignment of error. The jury was instructed, "the uncontradicted evidence in the case is that the car destroyed by fire had been attached to an engine coupled with cars drawn from the yard of the plaintiff company." To so state was practically to remove from consideration by the jury the vital question as to whether dominion of the car had been assumed by the railroad. The injury might have inferred this fact from the evidence, but the answer practically withdrew the matter from it. The assignment referred to is sustained.

A second defense urged rests upon that provision of the bill of lading which relieved the carrier from liability where the loss occurred by reason of "the act or fault of the shipper." This was a mere declaration of one of the exceptions to the carrier's common law liability of insurer. It differed from the limitation to be found in the cases, frequently before the courts, where the parties had agreed no liability should exist "except for the negligence of the company or its employees"; then, if the loss be explained in a way not imputing negligence, the burden of proving it shifts to the plaintiff (Buck v. P. R. R. Co., 150 Pa. 170); and is to be distinguished from the bills of lading issued, where there is a shipment of live stock: P. R. R. Co. v. Raiordan, 119 Pa. 577; Bair v. Adams Express Co., 66 Pa. Superior Ct. 106. The burden was here upon the defendant to show that the loss was within the exception: Lloyd v. Haugh, 223 Pa. 148; Menner v. Del. & H. Canal Co., 7 Pa. Superior Ct. 135. The evidence, that the fire occurred by reason of any act or fault of the refining company, was not so conclusive as to justify binding instructions; the question

was one for the jury: Smith v. B. & O. R..R. Co., 223 Pa. 118. It was submitted fairly, and the defendant company has no reason to complain on this ground.

The assignments of error, relating principally to the instructions as to extent of control by defendant over the car of plaintiff, need not be answered specifically. All are overruled, except the ninth.

The judgment is reversed with a venire facias de novo.