Rosenberg et ux., Appellants, *v.* Walker.

Argued December 3, 1946. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Wilfred R. Lorry,* with him *Charles Lakatos* and *Freedman, Landy & Lorry,* for appellants.

*Todd Daniel,* with him *Henry Temin,* for appellee.

PER CURIAM, January 6, 1947:

In this action of trespass, arising out of a rear-end automobile collision, the jury returned a verdict for defendant, hereinafter referred to as appellee. Plaintiffs, husband and wife, hereinafter referred to as appellants, moved for a new trial, alleging prejudicial error in the trial judge's charge. A new trial was refused and judgment was entered on the verdict. These appeals were then taken.

In the afternoon of February 2, 1945, husband-appellant was driving his automobile east on Wyoming Avenue in the City of Philadelphia. His wife was sitting beside him. The weather was clear, with ice and snow

on the street extending from Broad Street to Ninth Street, a distance of five city blocks, with the ice formed in ridges. There were four ruts worn in the ice and snow, two for the eastbound and two for the westbound traffic. Husband-appellant came to a complete stop west of Ninth Street when he observed a red traffic light. While waiting for the light to change to green, appellee's car crashed into the rear of his car. Appellant did not see appellee's car until after the collision. When he was about 150 feet west of Ninth Street he noticed that the traffic light at the intersection was red for eastbound traffic and he started to apply his brakes. He was proceeding at the rate of 18 to 20 miles per hour when he suddenly noticed a strip of ice covering his path, and quickly applied his brakes but the car failed to stop. He was prevented from turning to the right or to the left due to the two ruts which formed a ridge of ice at this point two or three inches high. His car proceeded until it finally collided with husband-appellant's car which was at a standstill, waiting for the traffic light. The speed of appellee's car at the time of collision had been reduced to 5 to 10 miles per hour.

Appellants concede that "On the whole, the charge of the trial judge was adequate and impartial." They urge, however, as prejudicial error, an isolated statement in the charge, as follows: "If you are impressed with it—if the defendant's story satisfies you as not only truthful but sensible and reasonable; if it impresses you as being a sound story, then, of course, you should accept it. If you do, then that is the end of plaintiffs' case and your verdict should be for the defendant." This language, they contend, amounted, in effect, to an instruction that if appellee's evidence was believed, he was not negligent and the verdict should be for appellee.

Had the trial judge instructed the jury that if appellee's evidence was believed, they should find in his favor, thus limiting the issue to credibility, such instruc-

tion would have been erroneous. Whether appellee's evidence in excuse of the occurrence sufficiently exculpated him was clearly for the jury under the evidence presented. But this is not what the trial judge charged, either in fact or in effect. What he told the jury was that in order to find for the appellee they must find his story *"not only* truthful but sensible and reasonable." Moreover, it is well settled that slight or immaterial errors in the charge are not ground for reversal where the charge, as a whole, fairly, adequately, and correctly presents the case to the jury: *Susser v. Wiley,* 350 Pa. 427, 431, 39 A. 2d 616; *Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331. We are satisfied that the jury was not misled, in view of the trial judge's statement when the possibility of a misunderstanding was called to his attention at the close of the charge, that "I charged the jury that if they found no *negligence* on the part of the defendant they should find for the defendant, but they must decide." (Italics ours).

Judgment affirmed.