Hepler, Admrx., *v.* Hammond, Appellant.

Argued October 4, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harold E. McCamey,* with him *Sanford M. Chilcote* and *Dickie, Robinson & McCamey,* for appellant.

*Edward O. Spotts, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, November 14, 1949:

Defendant appeals from judgments on verdicts for plaintiff who sued as widow and administratrix of her husband. He died of injury inflicted by defendant about 11:30 on a clear September night. He had just left his place of employment,[1] with other workmen, by an exit opening on a public highway which he was crossing to take a bus. He crossed from defendant's left side and was struck by the right front fender of the car approaching at excessive speed, in the wrong traffic lane of the four-lane highway. Defendant's negligence, implied in the verdict, is supported by evidence.

Defendant now complains of instructions concerning contributory negligence. Both parties recognize that if the evidence offered in plaintiff's case will support a finding of contributory negligence,[2] the plaintiff may not recover; the rule is sometimes stated to be that a plaintiff must present a case free of contributory negligence. But this does not mean that plaintiff has the burden of proving that there was no contributory negligence. The burden of proving that defense is on defendant. In considering appellant's contention that the judge erred in his charge to the jury, one should have in mind his opinion that "the evidence in the plaintiff's case will not support a finding of contributory negligence."

We cannot find in the instructions to the jury, considered in the light of the evidence offered on behalf of

---

[1] Defendant testified he was familiar with the place and knew that workmen from the plant of The Pittsburgh Plate Glass Company, abutting on the highway, came from the plant at that point.

[2] Section 463 of the Restatement, Torts, defines Contributory Negligence as follows: "Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, co-operating with the negligence of the defendant in bringing about the plaintiff's harm."

plaintiff, any support for defendant's contention that the charge "contained basic and fundamental errors . . .." It is elementary that a trial judge should not instruct a jury to find a material fact in the absence of evidence to support the finding.[3] In *Howard Express Co. v. Wile*, 64 Pa. 201 (1870) at pp. 205-6, SHARSWOOD, J., said, "The doctrine that wherever there is a scintilla of evidence of a material fact, the question must be submitted to the jury has not stood the test of experience, and it has accordingly been exploded in England: Ryder v. Coombwell, Law Rep. 4 Exch. 34. The more reasonable statement of the rule is, that where there is any evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof. A court may set aside a verdict as against the weight of the evidence, but that is the most they can do to assist the party. *But in a case in which a court ought to say that there is no evidence sufficient to authorize the inference, then the verdict would be without evidence, not contrary to the weight of it. Wherever this is so they have the right, and it is their duty to withhold it from the jury.*"[4]

The conclusion of the court below that in plaintiff's case there was no evidence that would have supported a finding of contributory negligence on the part of the plaintiff's husband is supported by our reading of the evidence. It was therefore unnecessary and would have been wrong to instruct the jury that they might find from the evidence offered on behalf of plaintiff that she had not made out a case free of her husband's contributory negligence. Defendant had the burden of

---

[3] The rule is illustrated in a line of cases extending from *Urket v. Coryell*, 5 W. & S. 60, 84-5 (1842) to *Susser v. Wiley et al.*, 350 Pa. 427, 431, 39 A. 2d 616 (1944).

[4] Italics supplied.

proving it and offered evidence for the purpose. In the general charge, the jury was instructed several times that if her husband was guilty of contributory negligence, she could not recover. In addition to those general instructions, the court affirmed three points for charge, presented by defendant, to the effect that if the "accident happened by reason of the negligence of the deceased," or of "both the deceased and the defendant," the verdict must be for the defendant. Notwithstanding the unnecessary repetition of the instructions on contributory negligence the defendant, at the conclusion of the general charge, asked for additional instructions on the subject. In appellant's brief, it is said: "At the conclusion of the charge counsel for the defendant objected to the charge for the reason that the charge of the Court eliminated contributory negligence if shown in the plaintiff's own case so that the Court further charged concerning contributory negligence as follows: 'I told you in the charge the burden rested upon the defendant to establish contributory negligence on the part of Mr. Hepler. When you come to decide whether there was or was not contributory negligence on the part of the decedent you take into consideration all the evidence in the case, both that given on the part of the plaintiff and that which was given on the part of the defendant; and on all of the testimony in this case you will decide whether or not Mr. Hepler was contributorily negligent. When you weigh that evidence you must keep in mind too that the burden is on the defendant to persuade you by the fair weight of all the evidence that Mr. Hepler was contributorily negligent. If they fail in that burden, then of course the right of the plaintiff to recover is not lost because of contributory negligence. It can only be in the event that the defendant met the burden cast upon him to persuade you by the fair weight of the evidence that Mr. Hepler was con-

tributorily negligent that you would decide this case in favor of the defendant on that ground, of contributory negligence.'

"It is this portion of the charge to which defendant takes exception as being incorrect, fundamentally in error and prejudicial to the defendant."

If the court, in the words of defendant's counsel, "eliminated contributory negligence if shown in the plaintiff's own case" there was no error because the evidence in plaintiff's case would not support such a finding. The additional instructions given in response to the request, instead of being wrong as appellant suggests, correctly stated the law to be applied to the record. In the absence of evidence in plaintiff's case to support a finding of contributory negligence that fact could only be found, if at all, on evidence adduced by the defendant. In defendant's brief it is suggested that the presumption that the decedent used due care is repelled "where the evidence produced by the plaintiff shows affirmatively all the circumstances of the accident." That is not an adequate statement as applied to this record; the presumption is rebutted only if the circumstances in evidence justify a finding of contributory negligence: compare *Susser v. Wiley*, 350 Pa. 427, 431, 39 A. 2d 616 (1944). The presumption was that plaintiff's husband exercised the required care; no evidence in plaintiff's case displaced the presumption. When plaintiff rested, a fact in the case was that decedent had used due care; the defendant then had the burden of showing that the fact was otherwise, the burden of showing contributory negligence, a defense to the suit. It is unnecessary to discuss the cases referred to in the briefs: compare *Grutski v. Kline*, 352 Pa. 401, 43 A. 2d 142 (1945) ; *Heath v. Klosterman*, 343 Pa. 501, 503, 23 A. 2d 209 (1941).

Judgments affirmed.