Thomas, Appellant, *v.* Tomay.

Argued March 25, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Jacob E. Horewitz,* for appellants.

*David E. Cohen,* with him *Thomas A. Waggoner,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 21, 1964:

These appeals are from judgments entered on jury verdicts by the Court of Common Pleas of Fayette County which refused to grant motions for new trials in trespass actions.

The actions were instituted as a result of a collision of automobiles. The facts concerning this collision are fully set forth in *Thomas v. Tomay,* 394 Pa. 299, 147 A. 2d 321 (1959). The facts are summarized as follows: On November 4, 1951, at about 1:45 A.M., a sedan, driven by Theodore Wade Frazee, of Friendsville, Maryland, while going south towards Uniontown from Pittsburgh on Highway Route No. 51, collided with a car driven by Frank Tomay, Jr.

The appellants, Richard C. Thomas, and James Vernon Shultz, were passengers in the Frazee automobile and were severely injured as a result of the collision. Tomay, Jr., the sole occupant of his car, died a few hours after the collision.

Five years more have elapsed since we said "At the outset, we are impelled to remark the great length of time that was allowed to elapse before these cases were brought to trial—a circumstance which is all the more regrettable since they must go back for retrial because of reversible error, harmful to the appellant, which the record discloses". *Thomas v. Tomay,* supra, at page 300. Once again, the cases must go back for retrial because of reversible error, harmful to the appellants.

There were three separate actions instituted. Mary Tomay, administratrix of the Estate of Frank Tomay, Jr., sued Theodore Wade Frazee under the wrongful death and survival statutes, to recover damages for decedent's death. The respective guardians of Richard C. Thomas, a minor, and James Vernon Shultz, a minor, brought separate suits against Mary Tomay, administratrix of the Estate of Frank Tomay, Jr., to recover damages for their personal injuries. In the actions by the passengers Thomas and Shultz against the Estate of Tomay, Jr., Frazee was joined as an additional defendant.

All three cases were consolidated and tried in 1958. Verdicts were returned against the Estate of Tomay

and Frazee in favor of the passengers, Thomas and Shultz. These verdicts were appealed and we granted a new trial. *Thomas v. Tomay,* supra.

The cases were retried in 1959 and resulted in verdicts in favor of the defendant, Mary Tomay, administratrix of the Estate of Frank Tomay, Jr., and Theodore Wade Frazee, additional defendant in the cases wherein Shultz and Thomas were plaintiffs, and in favor of the defendant, Frazee, in the suit against him by the Estate of Tomay, Jr.

At the second trial, the jury was permitted to pass upon the contributory negligence on the part of the guest passengers, Shultz and Thomas, appellants. It is the contention of appellants that the issue of contributory negligence should not have been submitted to the jury.

We have examined the records and are unable to find any evidence of contributory negligence on the part of Thomas or Shultz. The defendants offered no evidence to establish contributory negligence of the plaintiffs or any evidence from which contributory negligence could be inferred on the part of plaintiffs.

In such circumstances, it was error to submit the question of contributory negligence to the jury when no evidence existed from which the jury could find it. The plaintiff's cases revealed no contributory negligence and no evidence was offered by defendants. A jury should not be permitted to make a finding of material fact in the absence of evidence to support the finding.

In *Greet v. Arned Corporation,* 412 Pa. 292, 295, 194 A. 2d 343 (1963), quoting from *Miller v. Montgomery,* 397 Pa. 94, 152 A. 2d 757 (1959), we said: "Since the burden of establishing contributory negligence is on the defendant it follows that where there is no evidence in the record to justify a jury in inferring that plaintiff was guilty of contributory negli-

274

gence, it is the duty of the court to give binding instructions that as a matter of law, no such question exists in the case. Hepler v. Hammond, 363 Pa. 355, 69 A. 2d 95; *McCracken v. Curwensville,* 309 Pa. 98, 163 Atl. 217; 38 Am. Jur., 1080, Negligence, Sec. 367; Summary of Pennsylvania Jurisprudence, Torts I, Sec. 134. In Hepler v. Hammond, supra, at page 357, this Court said: 'It is elementary that a trial judge should not instruct a jury to find a material fact in the absence of evidence to support this finding'. In the present case, the court either should not have instructed the jury on contributory negligence; or, if it was thought necessary to instruct them on that subject, the Trial Judge should have told them specifically that such an issue was not in this case."

It was reversible error for the trial judge to submit the question of plaintiffs' contributory negligence under the circumstances.

Judgments reversed with a venire facias de novo.