## Kimmel *v.* Yellow Cab Co., Appellant.

Argued November 20, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

*Tom P. Monteverde,* with him *Samuel D. Slade, William A. Schnader,* and *Schnader, Harrison, Segal & Lewis,* for appellants.

*James E. Beasley,* with him *Sheldon L. Albert,* and *Beasley & Ornsteen,* for appellees.

OPINION BY MR. JUSTICE COHEN, May 11, 1964:

This is an appeal by the Yellow Cab Co. (Cab Co.) and its former driver, Alfred Peters, from judgments for appellees in actions arising out of an intersectional collision between Peters' cab and the automobile in which appellees were driving.

Appellees, Wilbur Kimmel and Joseph Smith, brought suit against Cab Co. for personal injuries and (in the case of Kimmel) property damage. Cab Co. joined Kimmel, the driver of the car, as an additional

defendant and filed a counterclaim against Kimmel for damage to the cab. Peters brought suit against Kimmel for personal injuries. These lawsuits were consolidated for trial. The jury concluded that the accident was attributable solely to Peters' negligence and awarded Kimmel $55,018.27 and Smith $1,000. Cab Co. and Peters appealed to this Court.

Since appellees are the verdict winners we accept their version of the accident. Kimmel testified that on January 15, 1958, he was driving home from work accompanied by Smith. Between ten and ten-thirty p.m. they were proceeding west on Girard Avenue at 15 to 20 miles per hour approaching the Twentieth Street intersection. There was a slight rain falling. When the Kimmel car was about four car lengths from the intersection, the traffic light at the intersection was red for Girard Avenue traffic. When the car had advanced to within three car lengths of the intersection the traffic lights changed to green for Girard Avenue. At this moment Kimmel looked to his left for oncoming traffic (knowing that Twentieth Street is one-way going north) and then to his right for pedestrians entering from the sidewalk. Not seeing anyone he proceeded to within two car lengths of the intersection where he again looked to his left and noticed lights coming north on Twentieth Street. He again looked to the right for pedestrians and seeing none proceeded to within one car length of the intersection at which time he again looked to his left and recognized the oncoming car as a cab. The front of the cab seemed to dip slightly at that moment and apparently assuming it was about to stop, Kimmel continued into the intersection. The cab then appeared to pick up speed and Kimmel brought his car to a complete halt just before the car tracks crossing north on Twentieth Street. As the cab proceeded into the inter-

section, the back end slid off the trolley tracks, the right rear sliding across the left front of the Kimmel car causing personal injuries to appellees and damage to the car. Smith's account of the collision substantially agreed with that of Kimmel. Smith added, however, that when he first saw the cab, the Kimmel car was three car lengths from the intersection and the cab was entering the intersection traveling between 30 and 35 miles per hour.

Cab Co. assigns as error the trial judge's charge to the jury with respect to a finding of contributory negligence on the part of Kimmel. Following a summary of the above testimony the court charged as follows: "Now, if those facts are accepted by you, you are convinced by a preponderance of the evidence that those are the facts in connection with the happening of the accident, you should find a verdict for both Mr. Kimmel and Mr. Smith, because they show negligence on the part of the Yellow Cab Co. and no negligence on the part of Mr. Kimmel." This was clearly error and warrants the granting of a new trial.

The duty of a trial judge in charging a jury is two-fold: (1) he must make an accurate statement in plain language of the applicable principles of law, and (2) he must accurately, impartially, without prejudice to any litigant and without usurping the jury's function, assist the jury in applying these principles to the facts of the case before them. *McEwan v. Yellow Cab Co.*, 182 Pa. Superior Ct. 219, 225, 126 A. 2d 816, 819 (1956); *Atlantic Refining Co. v. Pennsylvania Railroad Co.*, 270 Pa. 415, 419, 113 Atl. 570, 572 (1921). With respect to the above testimony the trial judge erred in his performance of the second of these responsibilities. A court may remove the question of contributory negligence from the jury under a given state of the evidence only if no reasonably intelligent man would accept such evidence as sufficient to establish

the existence of negligence. See Prosser on Torts, pp. 191, 192 (1955); Restatement, Torts, §285 (1934); *Rosenberg v. Walker,* 355 Pa. 378, 379, 380, 50 A. 2d 209, 210, 211 (1947); *Murphy v. Neely,* 319 Pa. 437, 440, 179 Atl. 439, 440 (1935).

By charging the jury that if they accepted Kimmel's and Smith's account of the accident they should bring in a verdict for appellees, the lower court took out of the hands of the jury a determination which was properly theirs. A motorist approaching an intersection notwithstanding the presence of traffic lights and a signal in his favor, has a duty to exercise a high degree of care in entering that intersection. *Scull v. Epstein,* 167 Pa. Superior Ct. 575, 578, 76 A. 2d 245, 246 (1950). The jury could have reasonably found that under the testimony here recited Kimmel did not exercise a high degree of care in entering the intersection while knowing that another car was approaching that intersection and having sufficient time in which to stop his automobile between his discovery of the other car and his arrival at the intersection. This is especially clear in light of the fact that it was a rainy night and the traffic light had just changed in Kimmel's favor.

Appellees' testimony that the cab struck their car while the latter was stationary does not alter this conclusion. Not only must a motorist negotiating an intersection exercise a high degree of care to avoid colliding with an oncoming car, but he also has a duty not to place his car in a position where there is a strong possibility that an oncoming car will skid into him. See *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 505, 154 Atl. 805, 807 (1931). The question of Kimmel's contributory negligence under this state of the evidence was therefore for the jury to decide.

The general comments of the trial judge, both before and after the portion of the charge in issue, as to the duty of care in relation to contributory negligence,

were not sufficient to overcome the prejudice caused by the above error. His statement of the conclusion to be drawn from appellees' recital of the facts, if believed, was so prejudicial as not to be counter-balanced by more general statements on contributory negligence.[1]

Our review of the record discloses that the evidence elicited below was sufficient to warrant a finding of negligence on the part of Peters and that the trial judge did not err in his charge with respect to this aspect of the case. Accordingly, the judgments in Peters v. Kimmel, the counterclaim of Yellow Cab Co. v. Kimmel, and Smith v. Yellow Cab Co., all of which are not dependent on a finding with respect to contributory negligence on the part of Kimmel, are affirmed. The judgments in Kimmel v. Yellow Cab Co. and Smith v. Kimmel as additional defendant are reversed and a new trial granted.

Mr. Justice Musmanno and Mr. Justice O'Brien dissent.

---

[1] It is unnecessary to rule on Cab Co.'s other assignments of error with regard to Kimmel's contributory negligence.