Nelson, Appellant, *v.* Barclay Motors, Inc.

Argued May 4, 1964. Before BELL, C. J., COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Garland D. Cherry,* with him *Kassab, Cherry, Curran & Archbold,* for appellant.

*James C. Brennan,* with him *Hinkson & Cantlin,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, July 1, 1964:

Appellant suffered personal injuries in a fall on appellee's premises. Appellant's action of trespass resulted in a jury verdict for appellee. This appeal

followed the entry of judgment on the verdict of the jury, after the denial by the court below of appellant's motion for new trial.

Appellant contends that the trial court erred in its charge by: (1) instructing the jury that it could find contributory negligence in appellant's own case; (2) misleading the jury into a belief that appellant had the burden of disproving contributory negligence; (3) failing to define contributory negligence and (4) failing to instruct the jury that the burden of proving contributory negligence was on appellee.

Appellant relies upon *Hepler v. Hammond,* 363 Pa. 355, 69 A. 2d 95 (1949), in support of his position with regard to the instruction concerning contributory negligence in appellant's case. In *Hepler,* we held that such an instruction is improper where a plaintiff's case contains no evidence from which such a finding could be made. Here, appellant's case in chief does contain evidence from which an inference of contributory negligence could be reached, and the instruction in this regard was proper.

Appellant's arguments with regard to the trial court's allegedly placing the burden of disproving contributory negligence on him are not supported by the record. A careful review of the entire charge reveals that the trial court did not fall into the error of misplacing the burden of proof of contributory negligence. In *Brown v. Jones,* 404 Pa. 513, 172 A. 2d 831 (1961), we held it to be prejudicial error where the trial court charged that " '. . . the plaintiff is obliged to show you a case which is free of contributory negligence. . .' ". In *Stegmuller v. Davis,* 408 Pa. 267, 182 A. 2d 745 (1962), we granted a new trial where the tenor of the entire charge placed the burden of disproving the existence of contributory negligence on the plaintiff. In that case, the trial court charged that " 'The burden rests upon the plaintiff to satisfy you . . . that the

accident was caused by the carelessness on the part of the defendant and not contributed to by any carelessness or negligence on the part of the plaintiff' ".

In the case at bar, a fair reading of the full charge indicates that the trial court gave no such erroneous instructions. Rather, the court charged the jury that appellant had the burden of proving that appellee's negligence was the proximate cause of the injuries complained of. As to contributory negligence, the court charged, in substance, that if the jury found contributory negligence *in appellant's own case,* it should find for appellee. In the circumstances of this case, as stated above, such instruction was proper. The court then went on to charge that if the jury was satisfied that appellant had proved negligence and "did not convict" himself of contributory negligence *in his own case,* it should consider whether appellee had met its burden of proving appellant's contributory negligence. Although the charge is not couched precisely in the above language, its overall tenor clearly boils down to an instruction to the jury to consider the case in that manner. The errors apparent in *Brown* and *Stegmuller* do not appear here.

Finally, appellant argues that the trial court erred in failing to define contributory negligence. Again, we believe that a full reading of the charge indicates that the jury could not have been in doubt as to the meaning of the phrase. True, the trial court did not specifically define contributory negligence or what conduct on the part of appellant would constitute it. It did, however, carefully define negligence and indicated conduct on the part of both parties which could be found to be negligent. We are convinced that there could have been no confusion on this subject, and, in any event, no such error of law which controlled the outcome of the case as would justify us in reversing the refusal of a new trial. *Chambers v.*

*Montgomery,* 411 Pa. 339, 192 A. 2d 355 (1963), and cases cited therein.

Appellee insists that its motion for compulsory nonsuit or its motion for a directed verdict should have been granted, there being no evidence of negligence and, even if there were, ample evidence of contributory negligence as a matter of law. We, of course, are not required to decide these questions, nor do we. Assuming that the questions of negligence and contributory negligence were for the jury, we are convinced that it decided them on sufficient evidence to support its findings, after an adequate charge on the law of the case.

Judgment affirmed.

Mr. Justice EAGEN concurs in the result.