## Heffernan v. Rosser, Appellant.

Argued October 6, 1965. Before BELL, C. J., MUS-MANNO, JONES, EAGEN and O'BRIEN, JJ.

*Thomas J. Reinstadtler, Jr.*, with him *Reed, Egler, McGregor & Reinstadtler*, for appellant.

*Gilbert E. Morcroft*, for appellee.

OPINION BY MR. JUSTICE JONES, January 4, 1966:

This appeal lies from an order of the Court of Common Pleas of Allegheny County which granted a new trial in a trespass action wherein the jury had found a verdict in favor of the defendant.

This litigation arose out of an automobile accident which occurred on January 6, 1958, at approximately

6 p.m., on Route 22 near the Holiday House Motel in Monroeville, Allegheny County. Involved in this accident were two motor vehicles, one owned and operated by John J. Heffernan (plaintiff), and the other owned and operated by Ernest Rosser (defendant).

At the point of accident, Route 22 is a wide—62 feet—highway, running in a general east-west direction and consisting of four lanes—two eastbound and two westbound—divided by a so-called "singing divider" elevated about three-quarters of an inch above the highway surface. The Holiday House Motel is situated along the northerly side of the highway; ingress to and egress from the motel to and from Route 22 are by means of three driveways, an eastern, a middle and a western, the latter two being 102 feet apart. At the time of accident, the highway was dry, weather clear, visibility good and, although it was nighttime, the area was well illuminated.

Plaintiff, for business reasons, had been at the Holiday House Motel. Intending to proceed in an easterly direction after leaving the motel, plaintiff drove his automobile to the edge of the berm on the northerly side of the highway. According to plaintiff's testimony, he utilized the western driveway as the means of exit, he waited at the edge of the highway for five to ten minutes for an opportunity to enter the highway, he observed no cars approaching from the east in the westbound lanes but did see cars approaching from the west in the eastbound lanes, the nearest of which cars was in the "outside" eastbound lane and approximately 700 feet from where he would enter the highway, he then crossed the two westbound lanes and turned into the "inside" eastbound lane[1] and he had proceeded in

---

[1] Plaintiff stated the nearest car approaching from the west was 400 feet away when he started his left turn into the "inside" eastbound lane.

such lane for approximately 140-150 feet when he was struck in the rear by defendant's motor vehicle proceeding in the same eastbound lane. By reason of the collision, plaintiff's motor vehicle was knocked out of control, it crossed the "outside" eastbound lane and came to rest against a telephone pole—situated about 65 feet from the point of impact—on the southerly side of the highway near a gasoline station which was located approximately opposite the middle driveway of the motel.

Defendant, en route home from his construction job, was proceeding on the "inside" eastbound lane at the time the collision occurred. According to defendant's testimony, he was proceeding at a speed of approximately 40-45 miles per hour, he saw the plaintiff's automobile when his automobile was "about a car length from" it and, at that time, plaintiff "was out of the driveway turning in my lane of traffic", and "he was coming into my lane of traffic when I seen him turning east". After the impact between the two vehicles, defendant swerved to the left, crossed the two westbound lanes and came to rest on the northerly side of the highway against the side of the motel, having travelled a distance of approximately 140 feet from the point of impact.

A jury trial of the action took place in the Court of Common Pleas of Allegheny County and the jury returned a verdict which read as follows: ". . . we, . . ., find the Plaintiff and the defendant guilty of contributory negligence." The court moulded this verdict to read: "We find a verdict for the Defendant and against the Plaintiff." Plaintiff's motion for a new trial was granted and from the grant of such new trial defendant has taken the instant appeal.

The court below assigned two reasons for the grant of the new trial: (a) that the trial judge committed basic error in submitting the issue of contributory neg-

ligence to the jury and (b) that the verdict was against the weight of the evidence.

A review of this record indicates that certain facts were established beyond question: (1) the impact or contact between the two motor vehicles took place at a point on the "inside" eastbound lane directly *opposite the motel's middle driveway*; (2) the defendant's motor vehicle struck the plaintiff's motor vehicle in the rear; (3) immediately after the accident, defendant, a construction worker whose shoes were muddy, told the investigating police officer that, due to the muddy condition of his shoes, his foot had slipped off the brakes; (4) Route 22 at the point of accident was at the time of accident and is generally a very heavily trafficked highway and such traffic generally travels at high speed; (5) the plaintiff was thoroughly familiar with the highway having entered the highway from the motel many times previous to the accident; (6) the defendant did not actually see plaintiff's motor vehicle enter the highway from the middle driveway.

The crux of this appeal is whether, upon the basis of the instant record, there was sufficient evidence of contributory negligence on the part of plaintiff to justify the trial court in instructing the jury on that subject and to sustain a jury verdict based upon a finding that plaintiff was contributorily negligent. The court below concluded there was no such evidence.

In passing upon the correctness of the conclusions reached by the court below, we bear in mind certain well established principles: (1) "a trial judge should not instruct a jury to find a material fact in the absence of evidence to support the finding" (*Hepler v. Hammond*, 363 Pa. 355, 357, 69 A. 2d 95; *Luterman v. Philadelphia*, 396 Pa. 301, 307, 152 A. 2d 464); (2) ". . . where there is *any*[2] evidence which alone would

---

[2] Emphasis supplied.

justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof. A court may set aside a verdict as against the weight of the evidence, but that is the most they can do to assist the party. But in a case in which a court ought to say that there is no evidence sufficient to authorize the inference, then the verdict would be without evidence, not contrary to the weight of it."[3] (*Howard Express Co. v. Wile,* 64 Pa. 201, 205, 206; *Hepler v. Hammond,* supra, 357); (3) if a plaintiff's case discloses no contributory negligence and if the defendant offers no evidence from which plaintiff's contributory negligence may be inferred, therefore, since it is defendant's burden to establish contributory negligence, it is the duty of the trial court to give binding instructions that no such question exists in the case (*Miller v. Montgomery,* 397 Pa. 94, 97, 152 A. 2d 757; *Greet v. Arned Corporation,* 412 Pa. 292, 295, 296, 194 A. 2d 343); (4) however, if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not the court, to determine (*Polinelli v. Union Supply Co.,* 403 Pa. 547, 552, 170 A. 2d 351; *Malitovsky v. Harshaw Chemical Co.,* 360 Pa. 279, 283, 61 A. 2d 846; *Altomari v. Kruger,* 325 Pa. 235, 240, 188 A. 828).

Our examination of the instant record indicates that the court below erred in judicially declaring that there was no evidence[4] of contributory negligence to

---

[3] If the court below was correct in finding that the record lacks *any* evidence of contributory negligence, then the verdict of the jury was "without evidence, not contrary to the weight of it."

[4] The court below in concluding he should not have instructed the jury on contributory negligence did so on the basis "there is *no* evidence in the record to sustain such a charge". Later, the

justify either his instructions on the subject or the verdict of the jury based thereon.

As to the manner of the happening of the accident, we have the oral testimony of both plaintiff and defendant plus certain incontrovertible facts established by the testimony.

Plaintiff, fully aware of the danger inherent in the heavy and fast speeding traffic proceeding both westerly and easterly on the highway, upon leaving the motel endeavored to effect an entry upon the highway which required passage *over* the two westbound lanes and a left turn into the "inside" eastbound lane. To safely effect such an entry required observation of both westbound and eastbound traffic and the entry necessarily had to be made in a hasty and expeditious manner. If believed, plaintiff's testimony would indicate that he made the necessary traffic observations, that he "came out fast" on the highway, that he had successfully negotiated the passage over the westbound lanes and into the "inside" eastbound lane and that not only was he in the latter lane when struck but he had proceeded in that lane for 140-150 feet when the rear-end collision took place.

On the other hand, the defendant testified that the accident occurred not *after* plaintiff had effected an entry into the eastbound lane and *after* he had proceeded therein 140-150 feet but *at the time* plaintiff was entering the eastbound lane.

Under plaintiff's version not only was he not contributorily negligent but defendant was negligent in that he had full and adequate opportunity to avoid a collision with plaintiff's vehicle. Under defendant's version, because of the manner in which plaintiff entered the eastbound lane, defendant was afforded no

---

court, in its opinion, states it "is convinced that the evidence is *not sufficient*."

opportunity to avoid the collision and plaintiff negligently effected an entry into the path of defendant's eastbound vehicle.

Both parties concede, and the physical evidence—debris on the highway—plus the testimony of the investigating police officer, clearly indicate, that the two vehicles collided at a point in the "inside" eastbound lane and that this point of impact was directly opposite the middle driveway of the motel. In what manner did plaintiff reach that point on the highway? Plaintiff states he entered the highway by coming from the western driveway of the motel, entering the eastbound lane at a point directly opposite such middle driveway and reached the point of impact only after travelling 140-150 feet in the eastbound lane. Defendant states that plaintiff reached the point of impact by entering the eastbound lane directly at the point of impact. The place of entry is not only significant but crucial in determining liability for this accident. While the defendant did not testify that he actually saw plaintiff come from the middle driveway of the motel he did state that when he, the defendant, was a car length away he saw plaintiff enter the "inside" eastbound lane and that such entry was *at a point opposite the middle driveway*.[5]

On the crucial issue of *the point of entry into the eastbound lane* of plaintiff's vehicle there was a direct conflict of evidence. In the resolution of this issue not only must the oral testimony of the parties be considered but also such evidence as furnished by the condition of the vehicles after the accident, the post-impact movement of the vehicles and the position of the vehicles after the accident.

---

[5] The failure of defendant to see plaintiff exit from the middle driveway and traverse the westbound lanes would go to the question of defendant's negligence, not plaintiff's contributory negligence.

We are well aware that one of the least assailable grounds upon which a new trial is granted is the trial court's conclusion that the verdict is against the weight of the evidence and that, under such circumstances, we usually are reluctant to interfere (*Hartigan v. Clark,* 389 Pa. 283, 287, 288, 133 A. 2d 181) and, moreover, upon an appeal from the grant of a new trial, we recognize the burden which the appellant has to establish that the action of the court below constituted a clear and palpable abuse of discretion or an error of law which controls the case (*Muroski v. Hnath,* 392 Pa. 233, 237, 139 A. 2d 902). However, in the case at bar, our scrutiny of the record convinces us that there was evidence of such sufficiency on the question of contributory negligence as to preclude the court below's judicial declaration that contributory negligence was not an issue evidentially supported. The point at which plaintiff entered the "inside" eastbound lane and reached the point of impact between the vehicles was clearly placed in conflict by the testimony and physical facts portrayed by this record; resolution of such conflict was crucial in determining whether plaintiff was negligent and it was for the jury, not the court, to resolve the conflict.

Neither *Richards v. Warner Co.,* 311 Pa. 50, 166 A. 496, nor *Maiden v. Philadelphia Transportation Co.,* 163 Pa. Superior Ct. 189, 60 A. 2d 409, relied on by the court below and plaintiff, are factually or legally apposite.

Only in the most clear situations may there be a judicial declaration, as a matter of law, either that there was contributory negligence or that there was not such negligence. The factual situation herein presented is not such. Ordinarily, the question of contributory negligence is for the jury; the case at bar furnishes no exception to that rule.

Order reversed and the matter remanded to the court below for the entry of judgment on the verdict.

Mr. Justice MUSMANNO and Mr. Justice O'BRIEN dissent.