**Mae E. HUGHES and James P. Hughes, Plaintiffs,**

**v.**

**TEXAS EASTERN TRANSMISSION CORPORATION, Defendant.**

**Civ. A. No. 67–59.**

United States District Court
W. D. Pennsylvania.

May 8, 1969.

Earl J. Cavanaugh, Pittsburgh, Pa., for plaintiffs.

James E. Coyne, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This is a Motion for New Trial in a diversity negligence suit governed by Pennsylvania law.

Wife plaintiff was driving along a heavily travelled thoroughfare in a stream of traffic when she stopped to allow a car to enter from an intersecting side street governed by a stop sign. Defendant in the car following plaintiff saw her brake lights go on, applied his saw her brake lights go on, applied his brakes but was unable to avoid hitting her from the rear. The jury found for plaintiffs in the total sum of $2,000 which is less than the special damages shown by plaintiffs' evidence.

Wife plaintiff was dazed after the impact, taken to a hospital, diagnosed as suffering a vertebral muscle strain and physio-therapy was begun. Her hospital stay was then prolonged by the onset of a gall bladder attack which delayed her recovery and return to work.

The causal relation of the gall bladder attack to the accident was strongly denied by defendant's medical expert and it is apparent that the jury believed him. But plaintiff contends that the evidence was presented so as to allow the jury to exclude the effects and damages of the gall bladder attack from the clearly established whiplash injuries and that the verdict is inadequate to cover the special damages suffered as a result of the whiplash alone.

■■ The weight and credibility of the testimony is for the jury. If they had to distinguish between the recovery to be allowed for the whiplash and the damages from the gall bladder attack, they were required to pass upon credibility and weight of testimony. They obviously did not believe the opinion of plaintiff's treating physician as to the causal relation of the gall bladder attack; they may well have discounted the weight of his testimony as to disability and its extent and duration. Likewise plaintiff's own testimony as to the extent and duration of disability may have been discounted in view of evidence that she had a poor attendance record at work prior to the accident.

Aside from the question of inadequacy of the verdict, plaintiff raises the legal argument that the court erroneously instructed the jury on contributory negligence in the absence of any evidence to establish contributory negligence.

■ As a general proposition of law it is error to submit the issue of contributory negligence unless there is some evidence to support an inference of

contributory negligence. Greet v. Arned Corporation, 412 Pa. 292, 194 A.2d 343 [1963]; Miller v. Montgomery, 397 Pa. 94, 152 A.2d 757 [1959]. While the burden of proof of contributory negligence is upon defendant, the evidence to support such a charge may come either from plaintiff's own case or defendant's case. Hepler v. Hammond, 363 Pa. 355, 69 A.2d 95 [1949]; Nelson v. Barclay Motors, Inc., 414 Pa. 633, 202 A.2d 48 [1964].

■ However, we believe that the facts of the case required the submission of the question of contributory negligence to the jury. Plaintiff was travelling in a stream of traffic on a main through traffic artery and came to a stop in the travelled portion of the highway to allow another automobile to enter from an intersecting side street governed by a stop sign. She was being followed at a distance of thirty to fifty feet by defendant. There was no reason to expect her to stop at this point.

We believe that a consideration of the statutory standard of care prescribed by the Pennsylvania Motor Vehicle Code was required to test plaintiff's conduct.

> § 1012. Signals on starting, stopping, turning etc. * * *
>
> (a) A driver of any vehicle upon a highway before starting, stopping, turning from a direct line * * * shall first see that such movement can be made with safety. * * * Before making any such vehicle movement, the driver shall give a plainly visible signal in the manner described in this section."

There is no question of the signal. The defendant saw the brake lights appear on plaintiff's car. He applied his brakes, but there was insufficient time and space to stop. The jury thus found that defendant violated the assured clear distance rule. We believe the contributory negligence instruction was mandated by this evidence.

Plaintiff argues plausibly that the contributory negligence instruction resulted in the commonly recognized situation of a compromise verdict; that is, the jury considered the possibility of contributory negligence, felt that the evidence of it was not sufficiently clear to deny plaintiff recovery, but compromised on the verdict.

■ It is apparent to the court that this verdict was a compromise. But the courts of Pennsylvania recognize and allow compromise verdicts to stand in the absence of clear error.

> "The doctrine of comparative negligence, or degrees of negligence, is not recognized by the Courts of Pennsylvania, but as a practical matter they are frequently taken into consideration by a jury. The net result, as every trial judge knows, is that in a large majority of negligence cases where the evidence of negligence is not clear, or where the question of contributory negligence is not free from doubt, the jury brings in a compromise verdict. Moreover, it is important to remember that neither a jury nor a judge who sees and hears the witnesses have to believe everything or indeed anything that a plaintiff [or a defendant] or his doctor, or his other witnesses say, even though their testimony is uncontradicted." Karcesky v. Laria, 382 Pa. 227, 234, 114 A.2d 150, 154 [1955].

See also: Hose v. Hake, 412 a. 10, 192 A.2d [1963].

The motion for new trial will be denied.