Kuchinic et al., Appellants, *v.* McCrory.

Argued March 23, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*William W. McVay*, with him *Edwin H. Beachler*, and *McArdle, McLaughlin, Paletta & McVay*, for plaintiffs, appellants.

*Milton D. Rosenberg*, and *Bloom, Bloom, Rosenberg & Bloom*, for plaintiff, appellant.

*Randall J. McConnell, Jr.*, with him *Dickie, McCamey & Chilcote*, for defendant, appellee.

OPINION BY MR. JUSTICE JONES, July 8, 1970:

The instant appeals involve three consolidated trespass actions which arose out of an airplane crash which occurred on December 8, 1957, at a point 25 miles south

of Brunswick, Georgia. The four occupants of the airplane—the pilot and three passengers—were killed in the crash. Trespass actions were instituted by the personal representatives of the three passengers (appellants) against the estate of the pilot in the Court of Common Pleas of Allegheny County and, after a jury trial in September of 1968, the jury returned a verdict against appellants and in favor of the pilot's estate. From the judgments entered on the verdicts the instant appeals ensued.[1]

On the afternoon of December 8, 1957, a privately owned light airplane left Miami, Florida, having as its proposed destination Pittsburgh, Pa. The owner and pilot of the plane was Henry P. McCrory, Jr. (McCrory) and his three passengers were John A. Kuchinic (Kuchinic), George Airhart, Jr. (Airhart) and John O'Hara (O'Hara). McCrory and his passengers, residents of Pittsburgh, were personal friends who had gone to Miami to attend a football game.

Prior to boarding the plane, in Miami, McCrory called the weather bureau, received its report, and McCrory, in turn, reported to the three passengers that the weather was bad further north in certain portions of the proposed flight route, and asked their opinions as to whether they should proceed with the flight. After a discussion of approximately 30 minutes, it was agreed that they would proceed at least as far as Jacksonville, Florida, and, possibly, further provided the weather was favorable. At approximately 4:30 p.m., someone in the plane contacted Joseph Koon, flight

---

[1] These cases were previously tried in 1963 and in that previous trial verdicts were rendered against the appellants and in favor of the pilot's estate. On appeal, we held that Pennsylvania law, rather than Georgia law, should have been applied by the trial court in line with *Griffith v. United Air Lines*, 416 Pa. 1, 203 A. 2d 796 (1964). We reversed the judgments and directed a new trial. See: *Kuchinic v. McCrory*, 422 Pa. 620, 222 A. 2d 897 (1966).

controller at the Jacksonville Airport, to close out the flight plan between Miami and Jacksonville as required by federal regulations and this was done at 4:37 p.m. Koon testified that he then notified the person in the plane with whom he was conversing of a weather forecast which indicated a cold front in the area of Brunswick, Georgia, and turbulences along the edge of the cold front. According to his testimony, he was then requested to "stand by", to await a further message. Approximately one to one and a half minutes later, Koon was called again and advised that the plane would continue with its flight.

Appellants first claim that the trial court erred in charging the jury on the subject of contributory negligence, it being their theory that there was no evidence of record which could support such a finding. The applicable law in this respect was summarized in *Heffernan v. Rosser*, 419 Pa. 550, 555, 215 A. 2d 655 (1966): "[I]f a plaintiff's case discloses no contributory negligence and if the defendant offers no evidence from which plaintiff's contributory negligence may be inferred, therefore, since it is defendant's burden to establish contributory negligence, it is the duty of the trial court to give binding instructions that no such question exists in the case . . . [H]owever, if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not the court, to determine . . . ."

In the absence of any evidence of contributory negligence, it is clear that a charge on contributory negligence would be improper. See: *Thomas v. Tomay*, 413 Pa. 270, 273-74, 196 A. 2d 740 (1964); *Hepler v. Hammond*, 363 Pa. 355, 69 A. 2d 95 (1949). The initial

question before us is whether the instant record reveals any evidence to support the charge.

Appellants' theory was that the airplane crashed by reason of bad weather conditions encountered south of Brunswick, Georgia, that McCrory was aware of the weather conditions and that he was negligent in continuing the flight in spite of the adverse weather forecast. As has been indicated, prior to leaving Miami, McCrory had talked with the weather bureau and he was then informed of possibly hazardous flying conditions further north but he nevertheless took off on the flight. Under the circumstances, such facts could well support a finding of negligence on McCrory's part. See: *Gatenby v. Altoona Aviation Corp.*, 407 F. 2d 443, 447 (3d Cir. 1968). On the other hand, it is undisputed that the pilot and the three passengers in Miami discussed the weather situation at length before determining to take off on the flight, and the record discloses circumstances from which the jury could reasonably and well have inferred that the decision to proceed on the flight despite the weather conditions was one of mutual agreement between the pilot and the passengers; under such circumstances appellants' decedents could well have been found guilty of contributory negligence. See: *Restatement (Second) Torts*, §§463, 466 (1965). Moreover, appellants produced the testimony of Koon to the effect that he had notified someone in the plane, at the time the plane was flying above Jacksonville, about the bad weather conditions existing around Brunswick.[2] Koon testified that, after he had relayed the weather forecast to an unidentified person on the plane, there was a substantial hiatus before that

---

[2] Koon's testimony, in this respect, was vigorously contested by McCrory's estate since Koon, although ordinarily he would have done so, apparently had made no log book entry as to such notification.

person called back to inform Koon that they would continue on the flight despite the forecast. From this, the jury could reasonably have inferred that another discussion had taken place similar to that which took place in Miami and that the decision to go forward was by mutual agreement of the pilot and the passengers. A reading of the record convinces us that there was sufficient factual support for a finding of contributory negligence and that the trial court did not err in charging on that subject. See: *Nelson v. Barclay Motors, Inc.*, 414 Pa. 633, 634, 202 A. 2d 48 (1964); *Kimmel v. Yellow Cab Co.*, 414 Pa. 559, 563-64, 201 A. 2d 417 (1964).

Appellants' next contention is that the trial court erred in charging the jury, *inter alia*, as follows: "An opinion is what someone thinks about something and the thought may be precisely accurate or totally inaccurate and yet represent the absolute [sic] honest conviction of the person who expressed it. Because of this, opinion evidence is generally considered of inferior or low grade and not entitled to much weight against positive testimony of actual facts." A reading of the court's charge in this respect discloses that it was virtually a direct quote from *Ray v. Philadelphia*, 344 Pa. 439, 441-42, 25 A. 2d 145, 146 (1942). See also: *Girsh Trust*, 410 Pa. 455, 471-72, 189 A. 2d 852, 860 (1963); *Obici v. Third Nat'l. Bank and Trust Co.*, 381 Pa. 184, 189, 112 A. 2d 94 (1955). We are of the view that the court's charge on opinion evidence was correct.

Judgments affirmed.

Mr. Justice EAGEN concurs in the result.

---

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

I concur in the affirmation of the judgments of the lower Court entered on the verdict of the jury, because I believe the jury could have properly found either (a)

that plaintiffs (the passengers) failed to prove negligence, or (b) that plaintiffs assumed whatever risks there were.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I do not agree with the majority that the jury could properly have found appellants' decedents guilty of contributory negligence. To allow the jury to make such a finding, it would have to be shown that the passengers' "conduct in encountering a *known* risk is itself unreasonable, and amounts to contributory negligence." W. Prosser, Law of Torts 304 (2d Ed. 1955) (emphasis added). I do not believe that the defendant submitted such proof.

While there was a discussion between the pilot and the passengers in Miami, there is no proof that the passengers had the technical expertise to *understand* the risk they were encountering. Further, "their" decision in Miami was to proceed *only* to Jacksonville, and then check the weather again. At that point the only suggested proof of the passengers' agreement to proceed is a one and one-half minute *silence* between the time *someone* asked the flight controller about weather conditions, and the time *someone* stated that the plane would continue. There is no proof as to whether any, or all, of the passengers knew of the further risks—or even agreed to continue the flight. Since the plane was in the air, quite obviously no passenger was free to decline further transportation; only the pilot had that control.

Since the defendant introduced no evidence from which a jury could reasonably find that the passengers understood the risk of further travel—or even agreed to encounter it—a charge on contributory negligence was error. Accordingly, I dissent and would grant a new trial.