## Baker v. Geist

*Joseph Klein,* for plaintiff.

*G. Thomas Miller of McNees, Wallace & Nurick,* for defendant.

*James W. Evans of Evans & Katzman,* for additional defendant.

LIPSITT, J., June 7, 1971.—Minnie E. Geist, defendant, has filed a motion for a new trial after a jury made

a finding in favor of Harold S. Baker, plaintiff, and in favor of Robert E. Baker, a third-party defendant. This litigation arises as the result of an automobile-motorcycle accident which occurred on September 21, 1968, at the intersection of U.S. Route 22 and Franklin Street in Lower Paxton Township, Dauphin County, Pa. Harold S. Baker was a passenger occupying the rear seat of a motorcycle operated by his son, Robert E. Baker. The vehicle operated by Minnie E. Geist, which had been travelling west on the highway, made a left-hand turn at the Franklin Street intersection into the eastbound lanes of U.S. Route 22 and collided with the motorcycle which was travelling east on said route.

Both of the Bakers were thrown from the motorcycle and Harold S. Baker was injured. Harold S. Baker brought this action for personal injuries against the operator of the automobile, Mrs. Geist, who, in turn, joined Robert E. Baker as an additional defendant.

The jury rendered a verdict in favor of plaintiff and solely against defendant, Minnie E. Geist, in the amount of $49,200.

Defendant now poses two questions: (1) Did the trial court err in instructing the jury that plaintiff could not be found guilty of contributory negligence, and (2) was the verdict in favor of the additional defendant against the weight of the evidence?

In her first contention, defendant urges that an analysis of the facts shows there was substantial evidence of contributory negligence on the part of Harold S. Baker and the court committed error by instructing the jury that as a passenger Harold S. Baker could not be found guilty of contributory negligence and in refusing to give any instructions as to a possible finding of contributory negligence on his part. In her testimony, Mrs. Geist said she halted at the intersection to make a left turn with her turn signal on and waited for sev-

eral cars to pass and, after observing two cars passing abreast travelling at about 35 or 40 miles per hour, she then made her turn. Plaintiff, Harold S. Baker, said that he first saw the Geist vehicle halted at the intersection when they were about 100 feet away from it, and he was not sure whether the turn signal was on. He said that he was not paying strict attention to the Geist vehicle, and he did not continue to watch as they approached the intersection. On crossexamination, he said as they approached the intersection the motorcycle did not slow down nor were any brakes applied nor did he at any time say anything or give any warning of any kind to his son. However, he testified he did not expect any movement by the Geist car until they passed it. After observing the Geist vehicle stopped at the intersection, plaintiff did not see it again until they were a few feet from it and his son was swerving the motorcycle to avoid an impact.

There were a number of duties which defendant claims are imposed upon a passenger of a vehicle. It is pointed out for example that a guest in a motorcycle sidecar who permits it to be driven at an excessive rate of speed without an admonishment of the driver is contributorily negligent: Guiducci v. Mason, 326 Pa. 490 (1937). There can be no quarrel with this rule, but the difficulty is there was no evidence of excessive speed on the part of the operator of the motorcycle. To the contrary, the motorcycle was being operated within the speed limit according to the only testimony submitted in this connection. Further, it is said Harold S. Baker failed to exercise diligence or reasonable care for his own safety since he had seen defendant in a stopped position about to make a left turn and thereafter paid no attention. And it is argued, he knew his son was not slackening the speed of his motorcycle, and he made no attempt to apply his brakes as they

approached this intersection. By not paying attention to the left-turning vehicle nor uttering a word of warning to his son or suggesting that he might be following too closely behind the vehicles in front of him, it is contended he was permitting the vehicle to be operated in such manner as jeopardized his well being.

While defendant acknowledges that the operator's negligence is not imputed to a passenger, she insists that as an experienced motorcycle operator, he violated some duty. Although it is true a passenger may be held responsible for his negligence in joining with a driver in testing a danger he knows exists, the problem in this case is there was no danger which was known or reasonably manifest to the passenger here. He first saw the Geist vehicle about 100 feet away, a comparatively short distance; he saw nothing unusual at the point of the intersection, the Geist vehicle was stopped waiting to turn, and there was no evidence of any improper or abnormal conduct on the part of his son in his driving. He certainly had no duty to anticipate that defendant would make a left-hand turn into the path of the motorcycle. It may also be noted that the jury found the additional defendant was not negligent, and a guest is not required to exercise the same degree of care and watchfulness as a driver. See Minnich v. Easton Transit Co., 267 Pa. 200 (1920).

· The jury having concluded that the additional defendant, being the operator of the motorcycle, was not negligent, the court's failure to charge as to the contributory negligence of the passenger would appear to have had no effect on the outcome of the case. Defendant, however, argues that when the jury was told plaintiff could not be found negligent and he was the father of the operator sitting immediately to his rear with personal experience in handling a motorcycle, this was tantamount to instructing the jury that his son could

not be found guilty of any negligence. This argument is, at best, very speculative, particularly because the court did give complete and adequate instructions to the jury relative to the finding of negligence on the part of the motorcycle operator.

Defendant relies on the strong language in Heffernan v. Rosser, 419 Pa. 550 (1966), where our Supreme Court said, at page 558:

"Only in the most clear situations may there be a judicial declaration, as a matter of law, either that there was contributory negligence or that there was not such negligence . . . Ordinarily, the question of contributory negligence is for the jury . . ."

This principle of law must, of course, be accepted by this court. The obstacle is that the evidence here revealed no activity by plaintiff which could be deemed negligent. Thus, there was a clear situation which required a judicial declaration of no contributory negligence. Where there is no evidence in the record to justify a jury inferring a plaintiff was guilty of contributory negligence, it is the duty of the court to give binding instructions that, as a matter of law, no such question exists: DeJohn v. Orell, 429 Pa. 359 (1968).

The second issue concerns the question whether the verdict in additional defendant's favor was against the weight of the evidence. Defendant reviews much of the testimony wherein it is suggested that additional defendant could have been found guilty of negligence. She specifies that Robert E. Baker knew or reasonably should have known that Mrs. Geist was in the process of turning and had made several motions in that direction but, nevertheless, did not apply his brakes nor slacken his speed. But Baker was on a through highway, proceeding within the authorized speed limit and had a right to assume a vehicle at an intersection would not suddenly move into oncoming traffic. De-

fendant goes on to point out there was some evidence Baker followed the vehicle ahead of him too closely. Defendant argues the inference that the motorcycle was invisible because of its small size and close proximity to the car it was following. It may be noted that there was a definite conflict in the testimony in this regard, ranging from estimates of 25 feet to 150 to 200 feet. From the testimony of a witness who was not any party to the accident, it could easily be inferred that young Baker was not travelling too closely to the vehicle in front of him. A Mr. Adams who was also driving eastwardly first observed the motorcycle about 12 car lengths behind the automobile ahead of it with the motorcycle speed at about the same as the automobiles. He saw defendant's car halted when he was about 250 feet west of the Franklin Street intersection. He went through the intersection without slackening his speed and when he was about 125 feet beyond the intersection, he looked in his rear view mirror and saw defendant's vehicle making its left turn and saw the motorcycle travelling at a speed of 35 to 40 miles per hour about 25 feet west of the intersection swerving to its right in an effort to avert a collision.

There was, of course, more than sufficient evidence to find defendant negligent. She made her left-hand turn on a through highway when the lanes of traffic were obviously not clear. Following the occurrence, she called the eyewitness, Mr. Adams, on the telephone and told him she did not know where the motorcycle came from. She made the same statement to the investigating police officer. This officer testified also that from the position at which defendant's vehicle was located in preparation for a left-hand turn, she had a clear and unobstructed view to the west, the direction from which plaintiff and additional defendant were coming for at least 500 feet.

The present argument that the accident was caused at the very least by the joint negligence of both Robert E. Baker and Mrs. Geist was properly left to the jury. A review of the authorities relative to contentions by defendant of negligence on the part of the additional defendant would seem to be unnecessary in view of the well accepted proposition that to grant a new trial when evidence is conflicting or sufficient to enable the jury to find for either party would usurp the functions of the jury, e.g. Burrell v. Philadelphia Electric Company et al., 438 Pa. 286 (1970).

In accordance with this discussion, we enter the following

### ORDER

And now, June 7, 1971, the motion for a new trial filed on behalf of Minnie E. Geist, defendant, is denied.