Davis et vir, Appellants, *v.*
Liberto et al.

Argued November 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Barry M. Simpson*, with him *John Daley*, and *Brennan, Robins & Daley*, for appellants.

*Jan C. Swensen*, with him *Scott, Swensen & Scott*, for appellees.

OPINION BY VAN DER VOORT, J., April 22, 1976:

On May 25, 1971, appellant Nancy Davis was walking through a self-service toy store in the Monroeville Mall Shopping Center, when she was struck on the head and neck by a box falling from a shelf. After leaving the store, but before leaving the Mall, Mrs. Davis developed a headache, which later evolved into a more serious condition. On November 21, 1972, a complaint was filed by Mrs. Davis and her husband Gary Davis, claiming damages sustained as a result of the alleged negligence of appellee store owners.

Trial was held October 1-4, 1974, before a judge and jury, and a verdict was rendered on October 4, 1974 in favor of appellees. Post-trial motions were filed by plaintiffs on October 10, 1974 and denied July 11, 1975, and judgment was entered July 15, 1975 in favor of appellees. Appeal was then taken to this Court, the sole issue being whether the lower court committed reversible error by charging on contributory negligence when there was no evidence presented to indicate any contributory negligence by appellants.

Mrs. Davis testified at trial that she had done nothing to cause the box to fall, and no evidence was presented to contradict her testimony on this point. The record indicates that Mrs. Davis was simply walking down an aisle looking at toys, when either another customer or a store employee standing in another aisle replaced an item on a shelf and caused the box to fall and strike Mrs. Davis. Although neither appellants' attorney nor appellees' attorney requested a charge on contributory negligence, the trial judge included the following among his instructions to the jury:

"There is one other factor in the law of negligence or the law of carelessness that you must consider, and that is whether or not the plaintiff has been contributorily negligent.

Now, you recall the Court said that the plaintiff has the burden of proof to establish negligence and proximate cause.

The burden shifts to the defendant to establish any contributory negligence on the part of the plaintiff.

In other words, the burden shifts to the defendant to establish any contributory negligence on the part of the plaintiff.

Contributory negligence is a defense, and therefore, the burden is on the defendant.

Contributory negligence is carelessness on the part of the plaintiff which contributes to his or her own injury. It is carelessness which must also contribute to the happening of the accident or the injury. If you find that plaintiff was negligent you must then determine whether this conduct of the plaintiff was a substantial factor in bringing about the injury.

And the burden, as to contributory negligence, falls on the defendant."

Appellants' attorney properly objected to this instruction, and preserved the issue by raising it in post-trial motions. Our Supreme Court has made it clear that it is error for a trial judge to charge a jury on contributory negligence when no evidence of contributory negligence has been presented. *DeJohn v. Orell*, 429 Pa. 359, 240 A.2d 472 (1968); *Thomas v. Tomay*, 413 Pa. 270, 196 A.2d 740 (1964). We find absolutely no evidence in the record in the case before us from which a jury could have found that appellants were contributorily negligent. We therefore reverse.