Richmond et al., Appellants, *v.* Otter et vir.

Argued November 18, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frank J. Eustace, Jr.,* with him *Francis M. McAdams,* for appellants.

*John J. McDevitt, 3rd,* with him *Peter P. Liebert, 3rd,* for appellee.

OPINION BY MR. JUSTICE JONES, January 3, 1950:

Elaine R. Richmond, a minor, acting by her father, as her natural guardian, and the father and the mother in their own right sued the defendants, Lillian R. Otter and her husband, for damages due to injuries to the minor allegedly caused by the wife-defendant's negligent operation of an automobile. At trial, the plaintiff suffered a voluntary nonsuit as to the husband-defendant and the case was proceeded with against Mrs. Otter alone. The jury returned a verdict for the defendant whereon the court below, after refusing the plaintiffs' motion for a new trial, entered judgment from which the plaintiffs have appealed.

The appellants assign for error the lower court's refusal of a new trial. The motion therefor was based on three reasons, viz., (1) that the verdict was against the weight of the evidence and the law, (2) that the trial judge failed to instruct the jury properly with respect to the duty of an automobile driver toward a child on the highway, and (3) that the court's charge was capable of misleading the jury into thinking that, if they found the defendant was operating the automobile at a proper rate of speed, they could, without more, find for the defendant. These reasons constitute the subject-matter of the questions involved as stated by the appellants. The first question requires reference to the evidence, all of which was adduced by the plaintiffs; the defendant offered none. However, consisting as it does of oral testimony, it was for the jury to appraise, even though uncontradicted, and to accredit or reject accordingly: *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236, 238, 163 A. 523, quoting with approval from *Reel v. Elder*, 62 Pa. 308, 316; see, also, *Aaron v. Strausser*, 360

Pa. 82, 85-86, 59 A. 2d 910; and *District of Columbia's Appeal,* 343 Pa. 65, 79, 21 A. 2d 883. No question of the trial court's rulings on evidence is involved. Consequently, in passing upon the appellants' contention that the verdict is against the weight of the evidence, we need refer only to such of the testimony, including the reasonable inferences deducible therefrom, as supports the verdict.

So viewed, the record discloses the following. While Mrs. Otter was driving an automobile westwardly on Gravers Lane, Philadelphia, about five o'clock on a bright, sunny afternoon in June 1948, the car struck the minor plaintiff, a little girl then four and a half years old, while the child was running across Gravers Lane in front of her home on that street. At the point of accident, the road was high crowned, had a twenty-one foot cartway and was without curbs. As seen by a witness for the plaintiff at some two hundred to three hundred feet from the point of accident, Mrs. Otter's automobile was travelling "Not fast at all; . . . around about 20 miles an hour." The child, accompanied by a playmate, had just run across the street, stopped momentarily at the side and then suddenly ran back into the street, crossed half way over, seemed to stoop as if to pick up something, continued on and was struck by the right front fender of Mrs. Otter's automobile,—all this happening within the space of a few seconds. While the child was along the side of the street to which she first ran, a car parked on that side obscured her from the view of a person approaching on the highway from the direction Mrs. Otter was coming. The latter apparently brought her automobile to a stop almost at the moment of contact with the child. There were no tire marks on the highway's surface to indicate a sudden or abrupt stop. Nor was the child struck violently. Her physical injuries consisted of some scratches and bruises on her

right arm and her right side and a cut back of her right knee. Her mouth and tongue were also cut, but there were no evidences of blood on the highway. None of these injuries required stitches. There was a lump on the back of the child's head, but without abrasion or cut, where she had hit when she fell to the street upon being struck by the automobile. She had no broken bones or fractures. There was shock and some slight concussion as a result of the blow on the head; when the doctor saw her at the hospital a short time after the accident, she was conscious and lucid.

Under the evidence, a finding by the jury that the plaintiffs had failed to prove that the unfortunate accident was due to negligence on the part of Mrs. Otter was not unwarranted. That such was the basis of the jury's verdict for the defendant, the record leaves no doubt. The learned trial judge had specifically charged the jury that, because of the child's tender years, they were not to consider whether she had been contributorily negligent; and, as to the parents, the court charged that there was no evidence that they had been negligent in connection with the child's gaining access to the street and that, therefore, the jury was to "disregard the question of whether the parents were guilty of contributory negligence." Consonantly, the trial judge, in a fair and impartial charge, left it to the jury to say whether or not the accident was due to negligence of the defendant and to render a verdict accordingly.

The appellants' complaint that the court's charge failed to instruct the jury fully with respect to the standards of care in the circumstances required by the law lacks merit. Not only did plaintiffs' counsel not call the court's attention to any alleged omission or inadequacy in the charge, he did not even take a general exception thereto but, apparently, was so well satisfied with its comprehensiveness on the law and its fairness

on the facts that, at its conclusion, he voluntarily with-drew the points for charge which he had submitted. And, upon inquiry by the court as to whether there was "anything I have left out," he answered "No, I don't think so." Harmful error is requisite to a reversal upon appellate review; and, the appellants have notably failed to point out any such error.

Judgment affirmed.