Miller, Appellant, *v.* Montgomery.

Argued March 20, 1959. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and McBride, JJ.

W. *Davis Graham*, for appellant.

*Robert E. Ashe*, with him *Ashe & Ashe*, for appellee.

OPINION BY MR. JUSTICE MCBRIDE, July 2, 1959:

This action in trespass was instituted by Calvin E. Miller against Kenneth D. Montgomery, Administrator of the Estate of James H. Montgomery, deceased.

The evidence is necessarily meager in that Montgomery, who was the operator of the motor vehicle in which Miller was a passenger, was killed in the accident and Miller himself died prior to trial. No eyewitness was available. However, plaintiff did introduce the testimony of three persons who came upon the scene immediately after the accident. From their testimony it appears that Miller and Montgomery were employees of the Pennsylvania State Highway Department. They quit work at 4:30 p.m. on September 28, 1950 and started toward their homes in Kittanning upon State Highway Route 85 in a pick-up truck owned and operated by Montgomery. Miller was sitting beside him when they left their work project. Troutman and Fair, who were fellow workmen of Miller and Montgomery, testified that they were also proceeding upon the same highway toward Kittanning and came to where the highway crosses Cowanshannock Creek. At this point the road

curved to the left in the direction in which they were proceeding and the berm was observed to be disturbed or torn up. The guard rail at or near the bridge was broken or bent, and Montgomery's truck was observed in the creek, lying on its roof, with its wheels in the air. Miller was pinned under the truck and only released in time to prevent his being drowned, but Montgomery was dead when taken from the wreckage. The narration of these circumstances was confirmed by Dr. Stitt, who was also proceeding along the same highway and happened upon the scene at about the same time. That is all of the testimony since defendant introduced no evidence. The court, which, at the close of plaintiff's evidence, had refused defendant's motion for a compulsory nonsuit, submitted the case to the jury which returned a verdict in favor of defendant on which judgment was entered.

Plaintiff urges, on appeal, that the trial court committed reversible error in that: (1) the charge to the jury placed an improper emphasis on the burden of proof upon plaintiff; (2) in charging at all on the question of contributory negligence of plaintiff; and, (3) it incorrectly affirmed two points for charge requested by defendant. These allegations will be considered seriatim.

The plaintiff contends that the lower court erred in placing undue emphasis on the burden of proof upon him because of a failure to properly apply the doctrine of exclusive control. The doctrine of exclusive control, however, has no application to the facts of the instant case. As we are reversing for other error, we feel that it is incumbent upon us to direct the trial judge on retrial to refrain from any discussion of such doctrine.

Plaintiff next alleges that the trial court committed reversible error in charging on contributory negligence. The court said: "Well, then we come to the next ques-

tion in the case. That is, whether there was any contributory negligence on the part of Mr. Miller. Did he use due care, under the circumstances? Did he act as an ordinary, careful, prudent person would, under like or similar circumstances? If he did not, he would be guilty of negligence, and if it contributed in the slightest degree to the accident and injury, again there can be no recovery. There must be a verdict in favor of the defendant." The plaintiff does not contend there is any error in the content of the charge, for it is apparent that the charge is accurate and correct as an abstract proposition of law. Rather, it is contended that no charge at all as to contributory negligence should have been given or the court should have ruled as a matter of law that plaintiff was not guilty of contributory negligence. Again, it must be remembered that plaintiff's case disclosed no contributory negligence and no evidence was offered by defendant from which the contributory negligence of plaintiff could be inferred. Since the burden of establishing contributory negligence is on the defendant it follows that where there is no evidence in the record to justify a jury in inferring that plaintiff was guilty of contributory negligence, it is the duty of the court to give binding instructions that as a matter of law, no such question exists in the case. *Hepler v. Hammond,* 363 Pa. 355, 69 A. 2d 95; *McCracken v. Curwensville,* 309 Pa. 98, 163 Atl. 217; 38 Am. Jur., 1080, Negligence, §367; Summary of Pennsylvania Jurisprudence, Torts I, §134. In *Hepler v. Hammond,* supra, at page 357, this Court said: "It is elementary that a trial judge should not instruct a jury to find a material fact in the absence of evidence to support this finding." In the present case the court either should not have instructed the jury on contributory negligence; or, if it was thought necessary to instruct them on that subject, the Trial Judge

should have told them specifically that such an issue was not in this case.

The verdict returned by the jury was as follows: "And now, to-wit: June 17th, 1958, we, the Jurors empaneled in the above entitled case, find the defendant not guilty of negligence, and a verdict in favor of the defendant."

In light of this specific finding of the jury that the defendant was not guilty of negligence, it may well be that they never reached the question of plaintiff's contributory negligence. For this Court to reverse the trial court there must have been an error such as to have misled the jury to the plaintiff's prejudice. *Lyons v. Wargo,* 386 Pa. 482, 126 A. 2d 411; *Harmon v. Chambers,* 358 Pa. 516, 57 A. 2d 842. Since the case must be retried for another reason, it is unnecessary to decide whether the error was harmless. It should not be repeated in any event.

The third point made by plaintiff is based on the following point for charge requested by defendant and submitted to the jury by the court: "If the vehicle left the road by reason of some suddenly occurring defect or mechanical failure of the vehicle, or of a tire, of which defendant had no knowledge, that would not be negligence on the part of the defendant."

Thus, although the defendant offered no explanation of how the accident happened, and no such exculpatory evidence appeared in plaintiff's case, the trial court invited the jury to indulge in speculation and conjecture as to how the accident might have happened without defendant's fault. Of course, there is no limit to the number of hypothetical situations which may be conjured up to explain away an accusative set of circumstances. If we were to accept this charge as being correct, a trial judge could, in this same situation, properly charge that perhaps defendant died of a heart

seizure, or was felled by any given number of different maladies, or any number of other causes for this car running off the road, all of which would operate to excuse defendant. Once the trial court enters into the realm of uninhibited conjecture there is no limit to the possible causes which could be ascribed to this accident. Under the court's charge, therefore, the jury's verdict finding defendant free of negligence may well have been based upon the conjecture and speculation prompted by the affirmation of this point. A verdict based on speculation and conjecture cannot be allowed to stand. *Pascarella v. Kelley*, 378 Pa. 18, 105 A. 2d 70. Plaintiff's motion for a new trial should have been granted.

Judgment reversed and new trial ordered.