564 A.2d 1250

**John H. HART and Sandra W. Hart, his wife, Appellees,**

v.

**W.H. STEWART, INC., a New York Corporation, Appellant.**

Supreme Court of Pennsylvania.

Argued March 8, 1989.

Decided Oct. 18, 1989.

Frederick N. Egler, Jr. Egler, Anstandig & Garrett, Pittsburgh, for appellant.

Michael R. Ford, Gallagher & Ford, Pittsburgh, for appellees.

Before NIX, C.J., and LARSON, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

NIX, Chief Justice.

This products liability action presents the question whether the trial court violated the collateral source rule by allowing evidence of workmen's compensation payments received by the plaintiff during the period of his incapacity. The pertinent facts are as follows.

Appellee, John Hart, was injured while operating a pipe-cleaning machine manufactured by appellant, W.H. Stewart ("Stewart"). Appellee filed suit against Stewart, alleging that the machine was defectively designed and that Stewart had negligently failed to provide proper warnings and instructions. At trial, appellee called as a witness a representative of appellee's employer to testify in support of appellee's claim for lost wages. Before calling this witness, appellee's counsel indicated that he intended to file a motion *in limine* to prevent appellant from cross-examining the witness about appellee's receipt of workmen's compensation benefits because such questions would violate the collateral source rule. Appellant's counsel argued that he did not want to elicit testimony about workmen's compensation benefits, but instead intended to show that appellee had received his full salary for the three years from the time of his injury to the time of his removal from the company's payroll. The trial court ruled that appellant's objectives were not barred by the collateral source rule and that the desired cross-examination was permissible. The jury subsequently returned a verdict in favor of appellant on the issue of liability and never reached the issue of damages. Post trial motions were denied.

On appeal, the Superior Court reversed, finding in an unpublished opinion that the trial court erred in permitting appellant to cross-examine appellee's witness on the matter of appellee's salary for the three years after the accident. 373 Pa.Super. 643, 536 A.2d 831. The Superior Court ruled that even though the record did not indicate whether the witness had actually been called and/or cross-examined, it was reasonable to infer from the attorney's comments at sidebar that the objectionable testimony had been allowed, and that this evidence was of the type barred by the collateral source rule. Concluding that the introduction of this evidence may have substantially prejudiced the jury with respect to the issue of liability, the Superior Court reversed the trial court and granted a new trial on both the liability and damages issues.

■ Appellant Stewart now contends that the Superior Court's conclusion was erroneous. Appellant argues that even if the collateral source rule was violated by admission of this evidence, the resulting error was harmless because the rule relates only to damages, and the jury, which found for appellant on the issue of liability, never reached the issue of damages. We agree with this contention, and for this reason we now reverse the order of the Superior Court.

Appellee makes no assertion of legal error by the trial court regarding any issue of liability. He does not claim that at trial he presented sufficient facts to justify a finding of liability in his favor. Instead, appellee relies on the claim that the cross-examination of his witness should not have been permitted, maintaining that this error was the crucial factor in the jury's verdict against him. Appellee seems convinced that the preclusion of the instant testimony would have persuaded the jury to reach a different conclusion.

■ Appellee overlooks the obvious fact that because he is not challenging the jury's finding that no liability existed, the assertion of prejudice by the introduction of the challenged evidence is irrelevant. To constitute reversible error, a ruling on evidence must be shown not only to have been erroneous but harmful to the party complaining. *Nebel v. Mauk*, 434 Pa. 315, 253 A.2d 249 (1969); *Kitchen v. Borough of Grampian* 421 Pa. 464, 219 A.2d 685 (1966); *Anderson v. Hughes*, 417 Pa. 87, 208 A.2d 789 (1965); *Richmond v. Otter*, 364 Pa. 191, 70 A.2d 314 (1950); *Farmers National Bank & Trust of New Holland v. New Holland National Bank*, 333 Pa. 428, 5 A.2d 198 (1939). An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment. *See e.g. Anderson v. Hughes, supra. See also Miller v. Montgomery*, 397 Pa. 94, 152 A.2d 757 (1959); *Richter v. Mozenter*, 356 Pa. 650, 53 A.2d 76 (1947). Thus, an erroneous evidentiary ruling on damages, in a case where the jury has found for the defendant on the liability issue, is harmless and does not entitle the plaintiff to a new trial. *Downey v.*

*Weston,* 451 Pa. 259, 301 A.2d 635 (1973); *Middleton v. Glenn,* 393 Pa. 360, 143 A.2d 14 (1958).

The evidence sought to be excluded in the instant matter related solely to the amount of remuneration to which appellee would have been entitled if the jury had decided in his favor. The speciousness of this argument is readily apparent. Before the issue of damages is relevant, the jury must first determine the question of liability. Appellees are implicitly urging that, if the jury had not been aware of this source of income following the injury, the jury may have been persuaded to overlook appellees' inability to establish liability. Such a verdict had it been entered could not have been sustained. The magnitude of the injury sustained may never be permitted to overcome a plaintiff's failure to establish a defendant's liability. Sympathy for the plight of the injured party cannot relieve that party of the obligation to demonstrate the responsibility of the person from whom redress is sought.[1] We therefore conclude that if indeed this testimony was introduced it would be, at best, harmless error.

Accordingly, the order of the Superior Court is reversed, and the order of the Court of Common Pleas is reinstated and affirmed.

LARSEN, J., files a concurring opinion in which McDERMOTT and PAPADAKOS, JJ., join.

ZAPPALA, J., concurs in the result.

LARSEN, Justice, concurring.

I concur in the result only, because I believe that the plaintiffs (appellees herein) utterly failed to carry their burden of proof and persuasion as appellants in Superior Court, and that, therefore, Superior Court erred in reversing the trial court.

1. As previously stated, the record is devoid of any indication that the defense was actually permitted to cross-examine the plaintiff's witness on these matters. It is thus uncertain whether or not the evidence in question actually was heard by the jury and, therefore, whether there is any real foundation for appellee's allegation of error.

The majority accepts the Superior Court's characterization of the issue in this case as whether the trial court's ruling allowing defense cross-examination of plaintiffs' witness on "collateral sources" prejudiced the plaintiffs' case. Both Superior Court and the majority of this Court acknowledge that the record is inadequate to show whether plaintiffs actually called the witness and, if so, whether cross-examination of said witness about "collateral sources" actually took place. Nevertheless, the Superior Court *assumed* that said witness testified and *assumed* that such cross-examination probably took place.

In my opinion, such an assumption has no place in appellate review and it was error for Superior Court to (1) make that assumption, and (2) use the assumed facts as the predicate for its decision to reverse the trial court. The majority perpetuates the error of that unwarranted assumption. It was the obligation of the plaintiffs, as appellants in Superior Court, to ensure that the record on review would be adequate to permit meaningful scrutiny. Mechanisms exist for reconstruction of a record where, as here, a critical gap appears. Pa.R.A.P. 1923 and 1924. The lacuna in the record should be held against plaintiffs-appellees herein who failed to place upon and preserve for the record sufficient data to support its position and convince a reviewing court that the trial court's decision was erroneous.

Moreover, my reading of the appellate record—such as it is—leads me to believe that Superior Court's assumption is materially false. The briefs on appeal, the trial court's opinion denying the post-trial motions and the reproduced portions of the transcript of the in-chambers discussion of plaintiffs' motion in limine indicate to me that plaintiffs' witness did not in fact, testify as to the plaintiff-husband's "lost wages." The trial court actually ruled that there were no lost wages for the three year period for which the plaintiff-husband's salary was paid. Accordingly, it is *doubtful* that defendant would have cross-examined that witness on "collateral sources" of payments of lost wages

since there was *probably* no evidence of wages lost for that period.

Of course, the above discussion illustrates the problem in this case—a reviewing court should not be dealing in "probablies" and "doubtfuls" when it comes to the record. In this case, there is a significant gap in the record which precludes meaningful appellate review, and plaintiffs-appellants below must be held accountable for that gap. Superior Court should on that basis be reversed, and the order of the Court of Common Pleas reinstated.

Having said that, I must note my disagreement with the majority's unqualified statement of law that "an erroneous evidentiary ruling on damages, in a case where the jury has found for the defendant on the liability issue, is harmless and does not entitle the plaintiff to a new trial." At 1252. While the cases cited by the majority[1] to support that proposition did find the erroneous evidentiary rulings to be harmless in those cases, they do not support the blanket proposition that erroneous evidentiary rulings on damages are always harmless where the jury finds for the defendant on liability. To the contrary, this Court has recognized that, in some cases, a jury's verdict on the liability issue may well have been undermined by an erroneous admission of evidence pertaining to damages, such as evidence of payments from "collateral sources." *See, e.g.: Lengle v. North Lebanon Township*, 274 Pa. 51, 117 A. 403 (1922); *Palandro v. Bollinger*, 409 Pa. 296, 186 A.2d 11 (1962); *see also Trump v. Capek*, 267 Pa.Super. 355, 406 A.2d 1079 (1979). Thus, while I express no opinion as to whether or not an erroneous evidentiary ruling on "collateral sources" in this case would have been harmless or prejudicial error,[2]

1. *Downey v. Weston*, 451 Pa. 259, 301 A.2d 635 (1973); *Middleton v. Glenn*, 393 Pa. 360, 143 A.2d 14 (1958).

2. I express no opinion because of the state of the record which precludes me from knowing whether or not there was error. Moreover, even if there was error, the determination of harmless versus prejudicial error might depend upon whether "bad evidence" of "collateral sources" came in or whether plaintiffs were simply not permitted to introduce "good evidence" of one component of their damages.

20

it is clear that such evidence can, in certain circumstances, prejudice a plaintiff and improperly influence a jury so as to call into question the reliability of its verdict on liability.

McDERMOTT and PAPADAKOS, JJ., join in this concurring opinion.

The prejudicial effect of the latter might be significantly less than that of the former.