J-S25023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT ANDREW SCHAUB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS W. BYRON, M.D. AND | : | No. 735 MDA 2019 |
| SPORTS MEDICINE BONE AND JOINT | : | |

Appeal from the Judgment Entered April 11, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2013-07122

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                 **FILED: OCTOBER 7, 2020**

Appellant, Robert Andrew Schaub ("Schaub"), appeals from the Judgment entered on April 11, 2019, following a jury verdict in favor of Appellee, Dr. Thomas Byron ("Dr. Byron"), in this medical malpractice action. After careful review, we affirm.

In December 2009, Schaub injured his right wrist while playing basketball. In February 2010, he began treating with Dr. Byron at Sports Medicine Bone and Joint. Dr. Byron diagnosed Schaub with a right scaphoid bone fracture and placed Schaub in a long arm cast then, later, a short arm cast. Dr. Byron discharged Schaub from his care in June 2010.

In Fall 2010, Schaub fractured his left wrist and re-fractured his right wrist. Schaub returned to Dr. Byron's care in December 2010 and underwent

bone-graft surgery on his right wrist. Schaub had several right wrist x-rays, at Dr. Byron's request, throughout his course of treatment.

In June 2011, Schaub sought a second opinion from Dr. Randall Culp, an orthopedic surgeon. Dr. Culp ordered a CAT scan on Schaub's wrists and diagnosed Schaub with bilateral scaphoid fractures. Dr. Culp performed surgery on both of Schaub's wrists, placing a screw in each scaphoid bone to promote healing. Schaub continued to experience problems with his right scaphoid bone.

In August 2016, Dr. Culp performed another bone-graft surgery on Schaub's right scaphoid bone. Unfortunately, this surgery did not correct Schaub's issues and, in March 2017, Dr. Culp had to perform another surgery. This time, Dr. Culp removed Schaub's right scaphoid bone and fused several of the other bones in Schaub's wrist together. As a result, Schaub has only partial movement in his right wrist.

Schaub initiated litigation by filing a Praecipe for Writ of Summons on June 14, 2013, followed by a Complaint on February 4, 2014. On July 11, 2016, Schaub filed a Motion for Spoliation Sanctions based on Dr. Byron's inability to produce copies of most of the x-rays he underwent while in Dr. Byron's care. In response, Dr. Byron claimed that a flood in September 2011 destroyed Schaub's x-rays. On May 4, 2018, the trial court denied Schaub's Motion.

On October 18, 2018, the trial court held a pretrial conference to rule on Motions *in Limine* and pretrial objections. Several of the court's rulings are at issue in this appeal.

The court granted Dr. Byron's Motion *in Limine* to preclude Schaub from implying any negative inference about the destroyed x-rays. The court likewise heard argument on Dr. Byron's Motion *in Limine* to prevent Schaub's vocational expert, Dr. Jody Doherty, from testifying because Schaub produced her expert reports to defense counsel only 18 days before trial. As will be discussed below, Schaub elected to forego Dr. Doherty's testimony to avoid continuing trial and, therefore, the court did not rule on this Motion. Finally, in response to Dr. Byron's objection, the court ruled that Schaub could not use a PowerPoint presentation in his opening statement.

The court denied several of Schaub's Motions *in Limine* and, therefore, at trial it permitted: (1) Dr. Culp to testify about Schaub's tobacco use; (2) defense expert Dr. Wayne Sebastianelli to testify about Schaub's vocational abilities; and (3) counsel for Dr. Byron to utilize images during Dr. Sebastianelli's direct examination.

The court conducted jury selection the same day, during which it refused to strike several jurors for cause despite Schaub urging it to do so.

Trial commenced on October 23, 2018. Relevant to this appeal, the court ruled in favor of Dr. Byron on several trial objections, precluding Schaub from: (1) cross-examining Dr. Byron with a letter authored by Schaub's father about the necessity and expense of the destroyed x-rays; (2) presenting a portion

of Dr. Culp's deposition testimony[1] during which Schaub utilized a demonstrative animation; and (3) presenting a portion of Dr. Culp's deposition testimony during which Schaub asked Dr. Culp standard of care questions.

The court permitted evidence and testimony about Schaub's tobacco smoking history and delay in seeking treatment for his Fall 2010 injuries, on the basis that both issues went to Schaub's comparative negligence. At the conclusion of trial, however, the court instructed the jury that it could consider Schaub's delay in seeking treatment, but not his smoking history, for comparative negligence purposes. The court instructed the jury that it was to consider Schaub's smoking history only for its impact on his life expectancy.

On October 29, 2018, the jury returned a verdict in favor of Dr. Byron, finding that he was not negligent in the performance of the care he provided to Schaub. The jury did not address issues of causation or damages.

On November 8, 2018, Schaub filed a Motion for Post-Trial Relief. On February 28, 2019, after briefing and oral argument, the trial court denied Schaub's Motion. The trial court entered Judgment on April 11, 2019. Schaub filed a timely Notice of Appeal and both he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Schaub raises the following issues on appeal:

1. Whether the trial court erred when it permitted prospective jurors to be "rehabilitated" after they expressed their inability to

---

[1] The parties elected to depose Dr. Culp before trial and use his deposition in lieu of live testimony at trial, pursuant to Pa.R.C.P. 4020(a)(5).

- 4 -

be fair and impartial; and/or when the court denied [Schaub's] cause challenges to such jurors?

2. Whether the trial court erred in permitting evidence and testimony with respect to [Schaub's] perceived smoking and erred in its instructions to the jury with respect to this issue?

3. Whether the trial court erred in permitting evidence and testimony with respect to [Schaub's] perceived delay in treatment and erred in its instructions to the jury with respect to this issue?

4. Whether the trial court erred in its rulings with respect to the testimony of [Schaub's] treating physician - Randall Culp, M.D., including issues related to [] demonstrative exhibits and issues on the standard of care?

5. Whether the trial court erred when it permitted [Dr. Byron's] expert, Wayne Sebastianelli, M.D. to testify to areas outside the scope of his expertise and report?

6. Whether the trial court erred when it granted [Dr. Byron's] Motion *in Limine* and precluded [Schaub's] vocational expert from testifying where [Dr. Byron] failed to show prejudice?

7. Whether the trial court erred in precluding [Schaub] from presenting a PowerPoint Presentation during his opening statement?

8. Whether the trial court erred when it denied [Schaub] the opportunity to cross-examine Dr. Byron and/or utilize exhibits to challenge his defense in this case - that the [Schaub's] x-rays were purportedly destroyed by flood?

Schaub's Br. at 10-11 (reordered for ease of analysis).

Before we address the merits of Schaub's issues, we must first determine if he has properly preserved and raised each of his issues for consideration by this Court. We conclude that Schaub failed to properly preserve and raise his first six issues.

**Appellant waived our review of his first six issues by failing to properly preserve them in the trial court and/or present them here**

We begin by setting forth the rules for preserving and raising an issue on appeal. To preserve an issue for appellate review, an appellant must raise the contested issue in the trial court by motion, objection, point for charge, request for findings of fact or conclusions of law, offer of proof, or other appropriate method. Pa.R.C.P. 227.1(b)(1). An appellant must also file a post-trial motion specifying the grounds for relief. Pa.R.C.P. 227.1(b). **See Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1000 (Pa. 2001). "A post-trial motion must set forth the theories in support thereof 'so that the lower court will know what it is being asked to decide.'" Pa.R.C.P. 227.1, cmt. (quoting **Frank v. Peckich**, 391 A.2d 624, 632-33 (Pa. Super. 1978)). "Grounds not specified [in the motion] are deemed waived[.]" Pa.R.C.P. 227.1(b)(2).

In addition, when required by the trial court, as in this case, an appellant must file a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The Rule 1925(b) Statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). An appellant waives any issue not raised in accordance with the provisions of Rule 1925. **Id.** at 1925(b)(4)(vii).

Finally, an appellant must develop arguments in his appellate brief with citation to the record and relevant authority. Pa.R.A.P. 2119(a). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument." **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa.

Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." *Commonwealth v. Williams*, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, an appellant waives any issue he fails to develop sufficiently. *Sephakis v. Pa. State Police Bureau of Records and Identification*, 214 A.3d 680, 686-87 (Pa. Super. 2019).

In his first issue, Schaub argues that the trial court erred when it declined to strike several jurors for cause. Schaub's Br. at 19-34. Schaub waived our consideration of this issue by failing to identify in his post-trial Motion and Rule 1925(b) Statement which jurors he believes the court should have precluded for cause.

In his second, third, fourth, and fifth issues, Schaub failed to develop with citation to the record his grounds for relief in his Post-Trial Motion and appellate brief, in contravention of Rules 227.1 and 2119.

Specifically, in his second issue, Schaub argues that the trial court erred by permitting defense expert Dr. Wayne Sebastianelli to testify outside the scope of his expert report. Schaub's Br. at 52-53. Schaub fails to identify and cite to the contested testimony and his corresponding objection in the record.

In his third issue, Schaub argues that the trial court erred by precluding portions of Dr. Culp's trial deposition testimony where Schaub (1) utilized a demonstrative animation during questioning, and (2) asked Dr. Culp standard of care questions. Schaub's Br. at 50-52. Schaub argues, without citation to the record, that Dr. Culp's testimony set a proper foundation for using the disputed animation. *Id.* at 50-52. Schaub likewise argues, again without

citation to the record, that Dr. Byron "opened the door" to Dr. Culp providing expert testimony by asking standard of care questions during cross-examination. *Id.* at 52. Finally, Schaub fails to cite to the record where the court precluded him from asking proper questions.

In his fourth and fifth issues, Schaub argues that the trial court erred in admitting evidence of his smoking history and delay in seeking treatment, as it related to his comparative negligence. Schaub's Br. at 47-50. He states that the trial court admitted such evidence "improperly and over [his] vehement objections." *Id.* at 49. Schaub makes multiple representations about what the evidence demonstrates, but fails to cite to the record to substantiate any of his representations. *See id.* at 47-50.

He further argues that the trial court erred "by giving an instruction to the jury with respect to [these] issue[s]." *Id.* at 47, 50. He does not refer this Court to where the contested instruction appears in the record.

To undertake review of Schaub's second, third, fourth, or fifth issues would require us to scour the over-1,000-page record to find evidence to support Schaub's underdeveloped arguments. We will not do so, and, thus, Schaub waived our consideration of these issues.[2]

Finally, in his sixth issue, Schaub argues that the trial court erred by granting Dr. Byron's Motion *in Limine* to preclude Dr. Doherty from testifying.

---

[2] We note that Schaub does not challenge the trial court's finding that evidence of his smoking history was relevant to his life expectancy. Trial Ct. Op., at 45-46.

Schaub's Br. at 34-41. Schaub identified his vocational expert 18 days before trial. Trial Ct. Op., at 9. Dr. Byron filed a Motion *in Limine* seeking to preclude her from testifying. *Id.* at 9-10. The court took the issue under advisement and, on October 19, 2018, held a conference call wherein it provided Schaub the option of continuing the trial to permit Dr. Byron to retain an opposing expert, or proceeding to trial without the benefit of Dr. Doherty's testimony. *Id.* at 10-11. Schaub elected to proceed to trial. *Id.* at 11.

Since Schaub elected to proceed to trial without the aid of his vocational expert, the trial court did not rule on Dr. Byron's Motion to Preclude her testimony. *Id.* at 9 (concluding that the court "did not actually preclude[ Schaub's] expert"). As a result, no lower court preclusion ruling exists for this Court to review and, thus, Schaub has not presented a valid issue for our review.

## Evidentiary rulings

Before addressing Schaub's remaining issues, we must set forth the rules governing admissibility of evidence. The threshold inquiry with admission of evidence is whether the evidence is relevant. "Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable[,] or supports a reasonable inference or presumption regarding the existence of a material fact." *Smith v. Morrison*, 47 A.3d 131, 137 (Pa. Super. 2012) (citation omitted); Pa.R.E. 401, 402. The court may exclude otherwise relevant evidence if its probative value is outweighed by its potential for unfair prejudice, confusion of the issues,

misleading the jury, undue delay, pointlessness, or presentation of cumulative evidence. Pa.R.E. 403.

Questions of admissibility lie within the trial court's sound discretion and we will not disturb the court's decision absent a clear abuse of discretion. *Parr v. Ford Motor Co.*, 109 A.3d 682, 690 (Pa. Super. 2014). "[A]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Keystone Dedicated Logistics, LLC v. JGB Enters., Inc.*, 77 A.3d 1, 11 (Pa. Super. 2013) (citation omitted).

Several of Schaub's issues involve the trial court's decisions on motions *in limine*. As with other evidentiary rulings, a trial court's decision on a motion *in limine* is subject to an abuse of discretion standard of review. *Parr*, 109 A.3d at 690.

Finally, we note that, "[i]n order to find that the trial court's evidentiary rulings constituted reversible error, such rulings must not only have been erroneous but must also have been harmful to the complaining party." *Oxford Presbyterian Church v. Weil-McLain Co.*, 815 A.2d 1094, 1100 (Pa. Super. 2003) (citation omitted). An appellant "must therefore show error in the evidentiary ruling and resulting prejudice, thus constituting an abuse of discretion by the lower court." *Id.* (citation omitted). "An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment." *Hart v. W.H. Stewart, Inc.*, 564 A.2d 1250, 1252 (Pa. 1989)

(citation omitted). More explicitly, "an erroneous evidentiary ruling on damages, in a case where the jury has found for the defendant on the liability issue, is harmless and does not entitle the plaintiff to a new trial." *Id.* (citation omitted).

**Issue 7: The trial court exercised its discretion in preventing Schaub from using a PowerPoint in his opening statement**

In his seventh issue, Schaub argues that the trial court erred by precluding him from using a PowerPoint Presentation during his opening statement. Schaub's Br. at 41-43. Schaub's PowerPoint was comprised of 75 slides including medical records, x-rays, and anatomical drawings. *Id.* at 41; Trial Ct. Op., at 28.

We begin by noting that the trial court may permit counsel to use visual aids during opening and closing statements. *Risperdal Litigation W.C. v. Janssen Pharmaceuticals, Inc.*, 174 A.3d 1110, 1117 (Pa. Super. 2017). Permission to use visual aids is within the sound discretion of the trial judge. *Id.*

Here, the trial court found that Schaub's presentation was substantive rather than demonstrative and contained "documentary and testimonial evidence . . . in the form of x-rays and medical records that [Schaub] would eventually seek to admit at trial." Trial Ct. Op., at 31-32. The court noted that Dr. Byron intended to contest the admissibility of several of the documents Schaub proposed to show in the presentation. *Id.*

The court expressed concern that, "[a]t such a critical stage of trial, there is a heightened risk of prejudice to the other side where the trial court fails to exercise its role as gatekeeper . . . The evidence must be presented at the proper stage of trial when it can be authenticated and subject to scrutiny. Any use prior to that time [risks] irreversible harm to the other party in the event that the evidence is eventually precluded from trial." *Id.* at 34-35. The court permitted Schaub to use a presentation in his closing argument.

The trial court reviewed the presentation, heard argument from both sides, and weighed the explanatory value of the presentation against the risk of irreversible harm to Dr. Byron if the court later precluded the presented evidence from trial. *Id.* at 31-35. We find no indication that the trial court ruled based on partiality, prejudice, bias, or ill-will, and its ruling does not lack support so as to be clearly erroneous. We, therefore, discern no abuse of discretion in the trial court's ruling.

## Issue 8: The trial court exercised its discretion in limiting the scope of Schaub's cross-examination of Dr. Byron

In his eighth issue, Schaub avers that the trial court erred by granting Dr. Byron's Motion *in Limine* limiting the scope of his cross-examination of Dr. Byron. Schaub's Br. at 43-47. The court precluded Schaub from (1) implying that Dr. Byron purposefully destroyed the x-rays; and (2) utilizing a letter from Schaub's father to Dr. Byron contesting the medical necessity and cost of the x-rays. Trial Ct. Op., at 72. Notwithstanding these limitations, the trial

court permitted Schaub to conduct a robust cross-examination of Dr. Byron, including questioning about the missing x-rays. *Id.* at 72-73.

The trial court weighed the probative value of Schaub's proposed evidence against the risk that it would prejudice Dr. Byron, confuse the issues, or mislead the jury. The court reasoned that to allow Schaub to imply that Dr. Byron nefariously destroyed the x-rays would distract from the issue of whether Dr. Byron committed medical negligence and would contravene its pretrial ruling on Schaub's Spoliation Motion. *Id.* at 69-71, 75. It further found that to permit Schaub to introduce his father's letter would sidetrack the jury and require testimony on collateral issues such as Schaub's father's qualifications to opine to the relevance of the x-rays. *Id.* at 76-77. We discern no abuse of discretion in the trial court's ruling.

## Conclusion

In sum, Schaub waived this Court's consideration of his first five issues and failed to present a valid issue for our review in his sixth issue. We discern no abuse of discretion in the trial court's rulings underlying Schaub's seventh and eighth issues.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/07/2020