J-S25023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT ANDREW SCHAUB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS W. BYRON, M.D. AND | : | No. 735 MDA 2019 |
| SPORTS MEDICINE BONE AND JOINT | : | |

Appeal from the Judgment Entered April 11, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2013-07122

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 18, 2021**

Appellant, Robert Andrew Schaub, appeals from the Judgment entered on April 11, 2019, following a jury verdict in favor of Dr. Thomas Byron and Sports Medicine Bone and Joint in this medical malpractice action. After careful review, we affirm.

In December 2009, Appellant injured his right wrist while playing basketball. In February 2010, he began treating with Dr. Byron at Sports Medicine Bone and Joint. Dr. Byron diagnosed Appellant with a right scaphoid bone fracture and placed Appellant in a long arm cast then, later, a short arm cast. Dr. Byron discharged Appellant from his care in June 2010.

In Fall 2010, Appellant fractured his left wrist and re-fractured his right wrist. Appellant returned to Dr. Byron's care in December 2010 and underwent

bone-graft surgery on his right wrist. Appellant had several right wrist x-rays, at Dr. Byron's request, throughout his course of treatment.

In June 2011, Appellant received a second opinion from Dr. Randall Culp, an orthopedic surgeon. Dr. Culp ordered a CAT scan on Appellant's wrists and diagnosed Appellant with bilateral scaphoid fractures. Dr. Culp performed surgery on both of Appellant's wrists, placing a screw in each scaphoid bone to promote healing. Appellant continued to experience problems with his right scaphoid bone.

In August 2016, Dr. Culp performed a bone-graft surgery on Appellant's right scaphoid bone. Unfortunately, this surgery did not correct Appellant's issues, and, in March 2017, Dr. Culp had to perform another surgery. This time, Dr. Culp removed Appellant's right scaphoid bone and fused several of the other bones in Appellant's wrist together. As a result, Appellant has only partial movement in his right wrist.

Appellant initiated litigation by filing a Praecipe for Writ of Summons on June 14, 2013, followed by a Complaint on February 4, 2014. On July 11, 2016, Appellant filed a Motion for Spoliation Sanctions based on Dr. Byron's inability to produce copies of most of the x-rays Appellant underwent while in Dr. Byron's care. In response, Dr. Byron claimed that a flood in September 2011 destroyed all but one of Appellant's x-rays. The only surviving x-ray was from June 2011. On May 4, 2018, the trial court denied Appellant's Motion.

The court held pretrial conferences to decide Motions *in Limine* on October 18 and 22, 2018. Several of the court's rulings are at issue in this

appeal. The court also conducted jury selection on October 22, 2018, during which it refused to strike several jurors for cause despite Appellant urging it to do so.

Trial commenced on October 23, 2018. On October 29, 2018, the jury returned a verdict in favor of Dr. Byron, finding that the treatment he provided to Appellant met the standard of care. The jury did not address causation or damages.

On November 8, 2018, Appellant filed a Motion for Post-Trial Relief. On February 28, 2019, the trial court denied Appellant's Motion. The court entered Judgment on April 11, 2019. Appellant filed a timely Notice of Appeal, and both he and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

1. Whether the trial court erred when it permitted prospective jurors to be "rehabilitated" after they expressed their inability to be fair and impartial; and/or when the court denied Appellant's cause challenges to such jurors?

2. Whether the trial court erred when it permitted Dr. Byron's expert, Wayne Sebastianelli, M.D., to testify to areas outside the scope of his expertise and report?

3. Whether the trial court erred when it denied Appellant the opportunity to cross[-]examine Dr. Byron . . . to challenge his defense in this case - that the Appellant's x-rays were purportedly destroyed by flood?

4. Whether the trial court erred in its rulings with respect to the testimony of Appellant's treating physician[,] Randall Culp, M.D.[,] including issues related to . . . demonstrative exhibits and issues on the standard of care?

5. Whether the trial court erred when it granted Dr. Byrons' Motion *in Limine* and precluded Appellant's vocational expert from testifying where Dr. Byron failed to show prejudice?

6. Whether the trial court erred in precluding Appellant from presenting a PowerPoint Presentation during his opening statement?

7. Whether the trial court erred in permitting evidence and testimony with respect to Appellant's perceived delay in treatment and erred in its instructions to the jury with respect to this issue?

8. Whether the trial court erred in permitting evidence and testimony with respect to Appellant's perceived smoking and erred in its instructions to the jury with respect to this issue?

[9.] Whether the trial court erred when it denied Appellant the opportunity to . . . utilize exhibits to challenge [Dr. Byron's] defense in this case - that the Appellant's x-rays were purportedly destroyed by flood?

Appellant's Br. at 10-11 (reordered for ease of analysis).

## Issues 1-4: Appellant waived our consideration of these issues

We begin by setting forth the rules for preserving and raising an issue on appeal. To preserve an issue for appellate review, an appellant must raise the contested issue in the trial court by motion, objection, offer of proof, or other appropriate method. Pa.R.C.P. 227.1(b)(1). When the issue involves the exclusion of evidence, the appellant must "inform the court of its substance by an offer of proof, unless the substance was apparent from the context." Pa.R.E. 103(a)(2). This rule applies where the court restricts the scope of a party's cross-examination. ***Commonwealth v. Smyrnes***, 154 A.3d 741, 752-53 (Pa. 2017).

An appellant must also file a post-trial motion specifying the grounds for relief. Pa.R.C.P. 227.1(b)(2). **See Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1000 (Pa. 2001). "A post-trial motion must set forth the theories in support thereof 'so that the lower court will know what it is being asked to decide.'" Pa.R.C.P. 227.1, cmt. (quoting **Frank v. Peckich**, 391 A.2d 624, 632-33 (Pa. Super. 1978)). "Grounds not specified [in the motion] are deemed waived[.]" Pa.R.C.P. 227.1(b)(2).

In addition, when required by the trial court, as in this case, the appellant must file a Concise Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The Rule 1925(b) Statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). An appellant waives any issue not raised in accordance with the provisions of Rule 1925. **Id.** at 1925(b)(4)(vii).

Finally, the appellant must develop arguments in his brief with citation to the record and relevant authority. Pa.R.A.P. 2119(a). "We shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument[.]" **Milby v. Pote**, 189 A.3d 1065, 1079 (Pa. Super. 2018). To do so would place this Court "in the conflicting roles of advocate and neutral arbiter." **Commonwealth v. Williams**, 782 A.2d 517, 532 (Pa. 2001) (Castille, J., concurring). Therefore, an appellant waives any issue he fails to develop sufficiently. **Sephakis v. Pa. State Police Bureau of Records and Id.**, 214 A.3d 680, 686-87 (Pa. Super. 2019).

In his first issue, Appellant argues that the trial court erred when it declined to strike several jurors for cause during jury selection. Appellant's Br. at 19-34. Appellant waived our consideration of this issue by failing to identify in his Post-Trial Motion and Rule 1925(b) Statement which jurors he believes the court should have precluded for cause. Pa.R.C.P. 227.1(b)(2); Pa.R.A.P. 1925(b)(4)(vii).

In his second issue, Appellant alleges that the trial court erred by allowing one of Dr. Byron's experts, Dr. Wayne Sebastianelli, to testify outside the scope of his expert reports in two respects. Appellant's Br. at 55-56. Appellant first argues, without citation to Dr. Sebastianelli's expert reports, that the court errantly allowed Dr. Sebastianelli to testify "regarding Dr. Culp's operative note [that] was not mentioned in either report[.]" *Id.* at 56. Appellant waived our consideration of this argument by failing to raise it in his Post-Trial Motion. Pa.R.C.P. 227.1(b)(2).

Appellant further argues, without specifically identifying any objectionable testimony, that the court should have barred Dr. Sebastianelli from testifying "with regard to films and/or images[.]" Appellant's Br. at 56. Several deficiencies require us to find that Appellant waived this argument as well.

First, Appellant failed to identify objectionable testimony with sufficient specificity in his Post-Trial Motion. He alleged generally that the court erred by allowing Dr. Sebastianelli to testify about his review of "images/films." Post-Trial Motion, filed 11/8/18, at ¶ 7. Appellant did not inform the court of

which images or films he believed the court should have prevented Dr. Sebastianelli from opining on. Thus, Appellant failed to satisfy Pa.R.C.P. 227.1.

Additionally, Appellant failed to sufficiently develop his argument in his Brief. Appellant states that the trial court should have barred Dr. Sebastianelli from testifying "as to" CAT scans, MRI, and x-ray imaging. Appellant's Br. at 56. In support, Appellant merely lists several citations to his reproduced record without explaining which questions he believes were improper and why. In other words, Appellant leaves to this Court to review the record, identify objectionable testimony, and fashion his argument about how that testimony is objectionable. We will not do so. **Milby**, 189 A.3d at 1079; **Commonwealth v. Spotz**, 18 A.3d 244, 323 (Pa. 2011) (finding waiver where appellant merely listed seven citations to the record, each accompanied by an explanatory phrase, to support argument that lower court erred). As a result of these deficiencies, Appellant waived our consideration of his second issue.[1]

In his third issue, Appellant avers that the trial court erred by ruling that he could not ask Dr. Byron questions to imply that Dr. Byron intentionally destroyed the missing x-rays. Appellant's Br. at 43-47.

_____

[1] To the extent that Appellant believes the court should have precluded Dr. Sebastianelli from even uttering that Appellant underwent imaging studies, we find this claim untenable. Dr. Sebastianelli stated that he based his report on "review of records including medical chart, x-rays, depositions, and expert reports[.]" Trial Ct. Op., at 68. Certainly, having reviewed Appellant's medical chart, Dr. Sebastianelli could state factually that Appellant underwent the imaging reflected therein.

At the October 22, 2018 pretrial hearing, the trial court asked Appellant's counsel to identify evidence that counsel possessed to establish that Dr. Byron purposefully destroyed the x-rays. N.T. Hearing, 10/22/18, at 51. Appellant's counsel offered to make such a proffer in chambers, out of the presence of defense counsel. *Id.* However, the trial court did not hold any such *ex parte* meeting and Appellant's counsel never made a proffer of this evidence. The court ultimately ruled that Appellant could ask Dr. Byron factual questions about the location and existence of the missing x-rays, but not imply that Dr. Byron purposefully destroyed the x-rays. *Id.* at 47-55.

Appellant waived his challenge to this ruling by failing to make a proffer as to the substance of the excluded evidence. *Smyrnes*, 154 A.3d at 752-53. Additionally, in his Brief, Appellant continues to fail to identify the evidence that the trial court excluded, making it impossible for this Court to determine if the court's ruling affected the verdict. It is axiomatic that "[e]videntiary rulings which did not affect the verdict will not provide a basis for relief." *Cicconi Auto Body v. Nationwide Ins. Co.*, 904 A.2d 933, 937 (Pa. Super. 2006) (citations and brackets omitted).

Appellant's fourth issue relates to evidentiary decisions the trial court made in relation to Dr. Culp's videotaped deposition for use at trial. Appellant's Br. at 53-55. Before playing the deposition video for the jury, the court ruled on objections the parties made during the deposition. Trial Ct. Op., at 53-54. Appellant alleges that, as a result of these rulings, the court erroneously (1) allowed Dr. Byron to ask Dr. Culp standard of care questions; (2) barred

Appellant from asking Dr. Culp standard of care questions; and (3) barred Appellant from utilizing a computer-generated animation with Dr. Culp. Appellant's Br. at 53-55.

Unfortunately, neither the certified record nor Appellant's reproduced record include the transcript of Dr. Culp's deposition. "The law of Pennsylvania is well settled that matters which are not of record cannot be considered on appeal." **Parr v. Ford Motor Co.**, 109 A.3d 682, 695 n. 10 (Pa. Super. 2014) (citation omitted). Generally, "the responsibility rests upon the appellant to ensure that the record certified on appeal is complete." **Commonwealth v. Preston**, 904 A.2d 1, 7 (Pa. Super. 2006). "It is not proper for [this] Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." **Id.** Appellant's failure to ensure the completeness of the certified record hampers our review of his fourth issue, and we are constrained to find that this issue is waived.[2] **See Commonwealth v. Holston**, 211 A.3d 1264, 1281 (Pa. Super. 2019) (finding waiver for appellant's failure to ensure complete certified record).

**Issue 5: Appellant decided to proceed to trial without his vocational expert and, therefore, fails to present a valid issue for our review**

Appellant identified his vocational expert, Dr. Jody Doherty, 18 days before trial. Trial Ct. Op., 11/8/19, at 9. Dr. Byron filed a Motion *in Limine* seeking to preclude her from testifying. **Id.** at 9-10. The court took the issue

---

[2] Additionally, in his Brief, Appellant fails to identify objectionable questions the trial court allowed and proper questions the trial court barred.

under advisement and, on October 19, 2018, provided Appellant with the option to continue the trial to permit Dr. Byron to retain an opposing expert, or proceed to trial without the benefit of Dr. Doherty's testimony. *Id.* at 10-11. Appellant elected to proceed to trial. *Id.* at 11.

Appellant alleges that the trial court erred by precluding his vocational expert from testifying. Appellant's Br. at 34-34-41. However, since Appellant elected to proceed to trial without the aid of his vocational expert, it was Appellant's decision, not a trial court ruling, that precluded Dr. Doherty's testimony. Trial Ct. Op., at 9 (concluding that the court "did not actually preclude[ Appellant's] expert"). As a result, Appellant has no court order to challenge and has not presented a valid issue for our review.

**Issue 6: Appellant fails to present a challenge to the trial court's ruling that he could not show medical records and imaging to the jury during opening argument**

On October 9, 2018, Appellant filed a Motion *in Limine* seeking permission from the court to use a PowerPoint Presentation during his opening argument. Motion, 10/9/18, at ¶¶ 9-18. The presentation was comprised of numerous anatomical diagrams, and medical records and imaging. Appellant's Br. at 41.

At the October 22, 2018 pretrial conference, the trial court heard argument on the use of the presentation. N.T. Hearing, at 37-47. In response to a dispute by Dr. Byron about the veracity of some of the anatomical drawings, Appellant agreed to remove everything but "the x-rays, the records" from the presentation. *Id.* at 45.

The court then ruled that the parties could not show the jury medical records and imaging during opening argument. *Id.* It expressed concern that to allow otherwise would risk showing evidence to the jury that the court would ultimately find inadmissible. *Id.* at 43-47; Trial Ct. Op., at 31-32.

In his Brief, Appellant avers that the trial court erred by precluding him from using a PowerPoint Presentation during his opening argument. Appellant's Br. at 41-43. He alleges that he "should have been free to decide what was the most efficient and effective way for him to explain to the jury what he believed the evidence would show." *Id.* at 42.

Appellant's argument does not address the trial court's ruling. The trial court decided that the parties could not show the jury medical records and imaging during their opening arguments. *See* N.T. Hearing, 37-47; Trial Ct. Op., at 28-35. Appellant does not dispute this ruling in his Brief. *See* Appellant's Br. at 41-43. Rather, Appellant argues that the trial court should have permitted him to use a PowerPoint Presentation in his opening argument. *Id.* The trial court did not rule that Appellant could not use a PowerPoint Presentation. Because Appellant has not demonstrated any basis for relief, we shall not disturb the trial court's ruling.

**Issues 7 and 8: Appellant fails to prove that the trial court's evidentiary rulings caused him to suffer prejudice**

Appellant's remaining issues involve trial court decisions on the admissibility of evidence. Questions of admissibility lie within the trial court's sound discretion and we will not disturb the court's decision absent a clear

- 11 -

abuse of discretion. ***Parr***, 109 A.3d at 690. "[A]n abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Keystone Dedicated Logistics, LLC v. JGB Enters., Inc.***, 77 A.3d 1, 11 (Pa. Super. 2013) (citation omitted).

"In order to find that the trial court's evidentiary rulings constituted reversible error, such rulings must not only have been erroneous but must also have been harmful to the complaining party." ***Oxford Presbyterian Church v. Weil-McLain Co.***, 815 A.2d 1094, 1100 (Pa. Super. 2003) (citation omitted). An appellant "must therefore show error in the evidentiary ruling and resulting prejudice, thus constituting an abuse of discretion by the lower court." ***Id.*** (citation omitted). "An evidentiary ruling which did not affect the verdict will not provide a basis for disturbing the jury's judgment." ***Hart v. W.H. Stewart, Inc.***, 564 A.2d 1250, 1252 (Pa. 1989). More explicitly, "an erroneous evidentiary ruling on damages, in a case where the jury has found for the defendant on the liability issue, is harmless and does not entitle the plaintiff to a new trial." ***Id.***

In his seventh and eighth issues, Appellant assails trial court rulings that permitted Dr. Byron to introduce evidence of Appellant's delay in seeking treatment and smoking history. ***Id.*** at 47-50. The court admitted this evidence of Appellant's conduct as relevant to causation and damages, respectively. Trial Ct. Op., at 45-46, 51-53. However, the jury did not reach causation or

damages. *Id.* at 4. Instead, the jury determined that Dr. Byron's conduct did not breach the standard of care. *Id.* Appellant fails to plead and prove that this evidence of Appellant's conduct impacted the jury verdict, which was based solely on Dr. Byron's conduct. As a result, Appellant's seventh and eighth issues fail.[3]

**Issue 9: The trial court properly exercised its discretion in precluding Appellant from cross-examining Dr. Byron using a letter authored by Appellant's father**

On August 21, 2011, Appellant's father sent Dr. Byron a letter stating that he refused to pay for x-rays. Trial Ct. Op. at 72; N.T. Trial, at 349. At trial, Appellant attempted to cross-examine Dr. Byron using a redacted version of this letter. N.T. Trial, at 346. In response to Dr. Byron's objection, Appellant explained that he intended to establish that the letter put Dr. Byron "on notice that these x-rays are an issue[.]" *Id.* at 348-49. The court sustained Dr. Byron's objection, preventing Appellant from using the letter. *Id.* at 348; Trial Ct. Op., at 69-78.

Appellant alleges that the letter "was relevant and perfectly suited and appropriate for cross-examination" and, therefore the court erred by precluding it. Appellant's Br. at 48. We disagree.

_____

[3] Appellant also assails the trial court's instruction to the jury that it could consider Appellant's delay as evidence of his comparative negligence and Appellant's smoking for life expectancy. *See* Appellant's Br. at 47-50. As with the underlying evidence itself, because the jury did not reach causation or damages, these instructions could not have impacted the jury's verdict.

Dr. Byron being "on notice" about the importance of the missing x-rays was relevant only to Appellant's spoliation claim. ***See PTSI, Inc. v. Haley***, 71 A.3d 304, 315-16 (Pa. Super. 2013) ("Spoliation [occurs when] a party who has notice that evidence is relevant to litigation . . . proceeds to destroy [it.]" (citations omitted)). Since the trial court denied Appellant's Motion for Spoliation Sanctions on May 4, 2018, well before trial, the letter was not relevant to any issue in the case. It was, therefore, within the trial court's discretion to bar it. Pa.R.E. 402 ("Evidence that is not relevant is not admissible.").

**Conclusion**

In sum, Appellant waived this Court's consideration of his first, second, third, and fourth issues, his fifth and sixth issues do not present valid matters for our review, and he failed to prove that the trial court's evidentiary rulings underlying his seventh and eighth issues caused him to suffer prejudice. We discern no abuse of discretion in the trial court's ruling underlying Appellant's ninth issue.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/18/2021

- 14 -